IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGIA-PACIFIC CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> ) <br> Defendant. ) | Civil Action No. 05-02431 (RBW) <br> Judge Reggie B. Walton |

**JOINTLY-FILED COUNTER-PROPOSALS FOR SCHEDULING ORDER**

Plaintiff Georgia-Pacific Corporation ("Georgia-Pacific") and Defendant Internal Revenue Service ("IRS") file this Jointly-Filed Counter Proposals for Scheduling Order pursuant to the Court's General Order and Guidelines for Civil Cases.

Because this is a Freedom of Information Act (FOIA) case, the proceedings are exempt from Local Civil Rule 16.3. LCivR 16.3(b)(9). The Court's General Order and Guidelines for Civil Cases states:

> If counsel's proceeding is exempt from [the meet and confer requirements of Rule 16.3], counsel for both parties shall jointly prepare and submit a statement to the Court indicating whether they believe the matter will be resolved solely through filing of dispositive motions and proposing a scheduling timeline for the filing of such motions to the court. Counsel shall also indicate whether or not they believe an appearance before the court will be necessary prior to resolution of the dispositive motions.

General Order and Guidelines for Civil Cases, at n.4.

The parties agree that this case can be resolved through the filing of dispositive motions once IRS has complied with its obligations under the FOIA.[1] However, the parties do not agree on certain elements of the timeline for resolution of this case. The parties conferred on February 21, 2006 and March 1, 6, and 8, 2006 in an effort to narrow these issues, which are now presented to the Court for its review.

I. **Scheduling Issues Currently Before the Court**

The parties are not able to agree upon dates for a <u>Vaughn</u> Index-type declaration, <u>see</u>, e.g., <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), or dates for cross-motions for summary judgment and oppositions thereto.

A. **Georgia-Pacific's Position**

1. **Background Facts**[2]

Georgia-Pacific submitted its FOIA request to IRS on August 25, 2005, seeking:

> any and all documents, reports, records, memoranda, correspondence, notes, research, or other written or electronic materials, including public comments and hearing transcripts, that pertain to or were considered, reviewed, or referred to by Internal Revenue Service or Treasury Department personnel in connection with the promulgation, and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199.

Letter from Barbara Kaplan to IRS FOIA office, August 25, 2005 (attached as Exhibit 1).

Although the FOIA requires IRS to respond within 20 days, 26 C.F.R. § 601.702, IRS failed to respond in time, and on September 21, 2005, Georgia-Pacific received a letter, authored by Symeria R. Rascoe, requesting an extension of time to respond. Ms.

---

[1] Because resolution of this case is dependent on IRS's release of documents, Georgia-Pacific reserves the right to challenge any documents withheld pursuant to one or more FOIA exemptions. Should Georgia-Pacific do so, it will raise these arguments in its dispositive motion and will likely request an appearance before the Court.

[2] IRS refuses to agree to the joint submission of these Background Facts. Georgia-Pacific believes the Court's decision-making will be aided by the inclusion of these facts and thus has included them under its position.

2

Rascoe's letter stated that IRS received Georgia-Pacific's request on September 2, 2005, and that IRS "will try to respond within 60 days from the date of this letter." The letter offered no explanation as to why IRS was unable to process Georgia-Pacific's request in the statutorily-allotted time. Georgia-Pacific allowed IRS this extension.

On November 28, 2005, Georgia-Pacific received another request for a voluntary extension from IRS. This second letter, also written by Ms. Rascoe, again offered no explanation for the delay, but stated instead that Ms. Rascoe had received Georgia-Pacific's request on November 4, 2005 (as opposed to the September 2 date given in her prior letter). The letter promised once again that IRS "will try to respond within 60 days." Rather than grant another extension, Georgia-Pacific filed suit on December 20, 2005. Sixty days later, on February 16, 2006, IRS filed its answer, claiming that the requested documents were exempt from production, without specifying which exemption(s) was applicable.

When counsel for the parties first spoke on February 21, 2006, counsel for IRS advised Georgia-Pacific's counsel that IRS had completed its search for records generated by Georgia-Pacific's request, which yielded roughly one and a half boxes of responsive documents. Counsel for IRS also advised Georgia-Pacific's counsel that IRS will provide Georgia-Pacific releasable documents no later than 60 days after the February 21st conversation. Georgia-Pacific agreed to that date as the final deadline for receipt of all documents responsive to its FOIA request.

### 2. Georgia-Pacific's Proposed Schedule

By a letter dated March 6, 2006, Georgia-Pacific proposed the following schedule:

| April 21, 2006 | IRS will provide all releasable documents as soon as possible, but no later than April 21, 2006. If documents can be provided on a rolling basis up to and until April 21, 2006, they will. |
|---|---|
| April 21, 2006 | IRS provides signed declaration to plaintiff describing its search and exemption claims. |
| April 26, 2006 | Plaintiff tells IRS whether it will contest the IRS's search and exemption claims. |
| May 10, 2006 | Parties file cross-motions for summary judgment. |
| May 24, 2006 | Parties file oppositions to cross-motions. |

Letter from David P. Callet to David M. Katinsky, March 6, 2006 (attached as Exhibit 2).

The parties have agreed that IRS will release documents to Georgia-Pacific by April 21, 2006. The parties disagree, however, as to the date for IRS to provide declarations describing its search and any exemptions that it might claim. IRS's position that it needs an additional three weeks after disclosure of the documents to provide Georgia-Pacific its declaration is unreasonably long. The entire set of responsive documents is only one and a half boxes' worth of paper. Because of this small set of documents to review, because IRS's FOIA reviewers will necessarily make a document-by-document determination as to the potential applicability of any exemption prior to disclosure to Georgia-Pacific on April 21, 2006, *and* because IRS is required by law to have these records organized and readily available, see 44 U.S.C. § 3101,[3] IRS does not need *three additional weeks* to complete its declaration. There is no reason why IRS cannot provide the declaration on the same date that it produces documents to Georgia-

---

[3] IRS is required by the Federal Records Act to maintain and preserve the requested records in an efficient and economical manner. See 44 U.S.C. § 3101 (requiring federal agencies to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency and designed to furnish the information necessary to protect the legal and financial rights of the Government and of persons directly affected by the agency's activities").

4

Pacific, April 21, 2006. Instead, IRS now attempts (in Subsection C, *infra*) to revoke this agreed-upon date and push the release date **back** to May 5, 2006. Counsel for IRS has repeatedly tried to use the agreed-upon April 21, 2006 document release date—a date seven months after the documents should have been released under the FOIA—as a "bargaining chip" in order to force Georgia-Pacific to comply with his suggested dates for the scheduling order. For IRS to hold Georgia-Pacific's FOIA documents hostage in this manner is unjustified. Georgia-Pacific has proposed to compromise this dispute by agreeing to allow IRS one additional week, until April 28, 2006, to provide its declaration. Counsel for IRS, however, would not accept this compromise.

The parties also do not agree on the time for filing cross-motions for summary judgment and oppositions thereto, should IRS claim that any documents are exempted from disclosure. Given what is hopefully going to be a dispute of limited scope, Georgia-Pacific's proposal that the parties file their cross-motions for summary judgment in two weeks with opposition briefs filed two weeks later is entirely reasonable.

The FOIA requires IRS to release requested documents in 20 days. Nevertheless, Georgia-Pacific has now waited almost seven months for IRS to process and release the documents sought by its FOIA request, which are needed in connection with several IRS administrative proceedings that are pending with respect to the federal income tax status of bonds issued to finance solid waste disposal facilities. The outcome of each of these proceedings turns on the meaning of "solid waste," as such term is defined in Treas. Reg. Section 1.103-8(f), T.D. 7199 (the "Regulation"). Georgia-Pacific and the bond issuers believe that the IRS is misapplying and/or misinterpreting the Regulation and, therefore, the materials requested under the FOIA are of vital importance.

Accordingly, Georgia-Pacific requests that the Court adopt its proposed deadlines for IRS to provide Georgia-Pacific its declaration and for the briefing of dispositive motions in this matter. Georgia-Pacific believes it will be necessary for the parties to argue their cross-motions for summary judgment before the Court prior to its resolution of them.

### B.   The Government's Proposed Schedule

In a letter dated March 1, 2006, counsel for the Internal Revenue Service proposed the following schedule:

| | |
|---|---|
| April 21, 2006 | IRS provides all releasable documents. |
| May 12, 2006 | IRS provides signed declarations to plaintiff describing its search and exemption claims. |
| May 19, 2006 | Plaintiff tells IRS whether it will contest search and what exemption claims it will contest. |
| June 16, 2006 | Parties file cross-motions for summary judgment. |
| July 14, 2006 | Parties file oppositions to cross-motions. |

Letter from David M. Katinsky to David P. Callet, March 1, 2006 (attached as Exhibit 3). This schedule was proposed not as a basis for negotiation but rather as a realistic estimate, based upon prior experience, of how long each step should take given competing demands on time and other resources. When the March 1 letter was sent, the IRS did not contemplate that there would be a March 6 counter-proposal from plaintiff.

While the IRS appreciates that plaintiff places great importance on obtaining the documents it has requested, the IRS's proposed deadlines recognize that most FOIA requesters feel this way about their FOIA requests. The proposed deadlines are reasonable given the competing demands on the time of the personnel involved in processing this request and litigating this case, including demands from FOIA requests

6

and cases preceding plaintiff's. With all due respect to plaintiff's proposals, plaintiff has taken no account of these considerations.

The IRS proposed the April 21 date for producing all releasable documents to plaintiff after plaintiff's counsel expressed plaintiff's desire for receiving as many documents as fast as it could. The IRS based its proposed deadline for production on the assumption that the personnel dedicated to producing responsive documents and asserting exemption claims would dedicate **all** of their time with respect to this case, up to and including April 21, to producing documents, and not to performing other tasks such as drafting search declarations and declarations asserting exemption claims that would, if necessary, be filed in Court. Thereafter, the IRS believed, based upon its extensive experience in these matters and the competing demands on its resources, that it would take three weeks to draft, review, and execute search and other declarations that could be admissible in Court.[4] Thus, if, as plaintiff proposes, the IRS is to be offered only one week after production of releasable documents to provide signed declarations, the appropriate scheduling would be to push the production of releasable documents **back** – to May 5, 2006 – and to retain the IRS's proposed May 12, 2006 date for providing signed declarations.[5]

---

[4] When asked by defendant's counsel, plaintiff's counsel stated that plaintiff would not concede the issue of search prior to seeing executed search declarations.

[5] The Internal Revenue Service and its counsel submit that plaintiff's allegations that its FOIA documents are being held "hostage" and being used as a "bargaining chip" are both irresponsible and inaccurate. April 21 is the IRS's preferred date for release of the documents. This date, however, was premised, as plaintiff's counsel has been repeatedly told, on the assumption that the personnel working on the request would dedicate their time solely to reviewing documents for release, and not drafting search declarations and declarations describing each of the withheld documents and the bases for withholding which could be admissible in Court. Nor was the three weeks scheduled for drafting and execution of declarations something to be bargained. It is a reasonable estimate based upon experience. With due respect to plaintiff, it has no experience drafting declarations to substantiate a FOIA search and exemption claims and has no basis for baldly proclaiming that one week is sufficient.

Plaintiff's proposed timelines for filing dispositive motions and oppositions similarly fails to account for competing demands on attorney time. Undersigned counsel for the Internal Revenue Service has numerous other cases which will also require his attention during the period between the identification of the issues for decision and the filing of dispositive motions as well as between filing the dispositive motions and the oppositions. Undoubtedly, this is true of plaintiff's counsel as well. Providing four weeks for the preparation and filing of dispositive motions and oppositions, as opposed to the two proposed by plaintiff, is reasonable and will permit both sides to better present their arguments to the Court. Moreover, the end result of the IRS's proposed schedule would be that all releasable documents will have been released and the remaining issues will be fully briefed and ready for decision less than seven months after the complaint's filing. This is not an unusually elongated schedule for this Court, and plaintiff has shown no compelling reason why its case is so different from the norm.

## II.   Conclusion

The parties have agreed that IRS will provide all releasable documents by April 21, 2006. The parties have not been able to agree as to the dates of other necessary deadlines in this matter. For the reasons set forth above, the parties jointly request that the Court enter a scheduling order fixing a deadline for IRS to provide its declarations and for the parties to file dispositive motions in this case.

Respectfully submitted,

| | |
|---|---|
| GREENBERG TRAURIG LLP<br>800 Connecticut Ave., N.W.<br>Suite 500<br>Washington, DC 20006 | U.S. DEPARTMENT OF JUSTICE<br>Tax Division<br>Civil Trial Section, Eastern Region<br>P.O. Box 227 – Ben Franklin Station<br>Washington, DC 20044 |
| _____/s/_____<br>David P. Callet (DC Bar No. 181990) | _____/s/_____<br>David M. Katinsky |
| OF COUNSEL: | Counsel for Defendant<br>Internal Revenue Service |
| Michael L. Lehr<br>Greenberg Traurig, LLP<br>Two Commerce Square, Suite 2700<br>2001 Market Street<br>Philadelphia, PA  19103 | |
| Counsel for Plaintiff<br>Georgia-Pacific Corporation | |

Dated March 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEGORGIA-PACIFIC CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-02431 (RBW)<br>Judge Reggie B. Walton |

## SCHEDULING ORDER

This matter having come before this Court on a joint motion for a scheduling order,

**IT IS ORDERED:**

That the following schedule be followed:

| April 21, 2006 | IRS will provide all releasable documents. |
|---|---|
|  | IRS provides signed declaration to plaintiff describing its search and exemption claims. |
|  | Plaintiff tells IRS whether it will contest the IRS's search and exemption claims. |
|  | Parties file cross-motions for summary judgment. |
|  | Parties file oppositions to cross-motions. |

_____
U.S. District Judge

DATED: _____

10