# EXHIBIT 2

# Greenberg Traurig

David P. Callet
Tel. 202.331.3144
Fax 202.331.3101
calletd@gtlaw.com

March 6, 2006

**VIA E-MAIL AND U.S. MAIL**

David M. Katinsky
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
(202) 307-6435

Re:    **Georgia-Pacific Corp. v. Internal Revenue Service, Civ. No. 05-02431
(RBW) (D. D.C.)**

Dear David:

Thank you for your letter of March 1, 2006 proposing a schedule for resolution of the
issues raised in the above-captioned litigation. You have proposed and I have accepted that
IRS will produce to Georgia-Pacific all non-exempt documents that are responsive to
Georgia-Pacific's August 25, 2005 FOIA request no later than April 21, 2006.

As we discussed during our call on Friday, March 3, 2006, I agreed to provide a
counterproposal stating what I believe to be a reasonable schedule for dates other than the
date for production of the requested materials in this FOIA action. Because my schedule
proposes that several of the dates proposed in your March 1 letter be shortened, and to better
help you understand the basis for my client's position, I will recount the facts of this
litigation and how we got to this point.

Georgia-Pacific submitted its FOIA request to IRS on August 25, 2005, seeking "any
and all documents, reports, records, memoranda, correspondence, notes, research, or other
written or electronic materials, including public comments and hearing transcripts, that
pertain to or were considered, reviewed, or referred to by Internal Revenue Service or
Treasury Department personnel in connection with the promulgation, and any amendments
thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199." As you know, IRS is
required by law to maintain and preserve these records in an efficient and economical
manner. 44 U.S.C. § 3101 (requiring federal agencies to "make and preserve records
containing adequate and proper documentation of the organization, functions, policies,
decisions, procedures, and essential transactions of the agency and designed to furnish the

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

*Strategic Alliances
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

www.gtlaw.com

David M. Katinsky
March 6, 2006
Page 2

_____

information necessary to protect the legal and financial rights of the Government and of persons directly affected by the agency's activities").

Although the FOIA requires IRS to respond within 20 days, 26 C.F.R. § 601.702, IRS failed to respond in time, and on September 21, 2005, Georgia-Pacific instead received a letter, authored by Symeria R. Rascoe, requesting an extension of time to respond. Ms. Rascoe's letter stated that IRS received Georgia-Pacific's request on September 2, 2005, and that IRS "will try to respond within 60 days from the date of this letter." The letter offered no explanation why IRS was unable to process Georgia-Pacific's request in the statutory-allotted time. Georgia-Pacific allowed IRS this extension.

However, 68 days later, on November 28, 2005, Georgia-Pacific received another request for a voluntary extension from IRS. This second letter, also written by Ms. Rascoe, again offered no explanation for the delay, but contained the alarming statement that Ms. Rascoe had received Georgia-Pacific's request on November 4, 2005 (as opposed to the September 2 date given in her prior letter). The letter promised once again that IRS "will try to respond within 60 days." Faced with a general lack of information and what appeared to be unnecessarily dilatory conduct on the part of IRS, Georgia-Pacific was forced to file suit.

Georgia-Pacific filed its complaint in the above-captioned matter on December 20, 2005. Sixty days later, on February 16, 2006, IRS filed its answer, claiming that the requested documents were exempt from production, without specifying which exemption(s) was applicable. Once again IRS provided *absolutely* no information as to why it had not released even a single document responsive to Georgia-Pacific's request.

When you and I first spoke on February 21, 2006, you advised me that IRS had completed its search for records generated by Georgia-Pacific's request, which yielded roughly one and a half boxes of responsive documents. You also advised me that IRS will provide Georgia Pacific releasable documents no later than 60 days after our February 21st conversation. While Georgia-Pacific certainly does not understand why, under this timeline, it will ultimately take IRS *seven months* to produce one-and-a-half boxes' worth of documents, Georgia-Pacific reluctantly agreed to accept that date as the final deadline for receipt of all documents responsive to its FOIA request.

In your March 1, 2006, letter you propose that the IRS will have until May 12, 2006, three weeks after it releases documents to Georgia-Pacific, to provide declarations describing its search and any exemptions that it might claim. Given that the entire set of responsive documents is only one and a half boxes' worth of paper, and that IRS' FOIA reviewers will necessarily make a document-by-document determination as to the potential applicability of any exemption prior to disclosure to Georgia-Pacific on April 21, 2006, *and* that the IRS is required by law to have these records organized and readily available, see 44 U.S.C. § 3101, I cannot

David M. Katinsky
March 6, 2006
Page 3

———————————

understand why IRS needs *three additional weeks* to complete its declarations. There is no
reason why IRS cannot provide these declarations on the same date that it produces documents
to Georgia-Pacific, April 21, 2006. During our telephone call, I proposed to compromise this
dispute by agreeing to allow IRS to take one week, until April 28, 2006, to provide its
declarations. If you agree to this compromise, all of the subsequent dates in my proposed
schedule will be pushed back by one week.

        With that in mind and in an attempt to reduce further unnecessary delay, I proposed on
the phone, and now in writing, the following schedule:

| April 21, 2006 | IRS will provide all releasable documents as soon as possible, but no later than April 21, 2006. If documents can be provided on a rolling basis up to and until April 21, 2006, they will. |
| April 21, 2006 | IRS provides signed declarations to plaintiff describing its search and exemption claims. |
| April 26, 2006 | Plaintiff tells IRS whether it will contest the IRS's search and exemption claims. |
| May 10, 2006 | Parties file cross-motions for summary judgment. |
| May 24, 2006[1] | Parties file oppositions to cross-motions. |

        Please advise me by Thursday, March 9, 2006, as to whether IRS will agree to my
proposed schedule. I would like to file with the Court a joint report on scheduling shortly
thereafter. Do not hesitate to contact me with any questions.

                        Sincerely,

                        David P. Callet

———————————

[1] After our phone call, I realized I may have inadvertently stated that I was proposing three weeks for the parties to
file oppositions to cross-motions for summary judgment. My intention was to propose two weeks. I apologize for
any confusion that I may have created.