## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGIA-PACIFIC CORP.,  )
                      )
      Plaintiff,  )      Civil Action No. 05-02431 (RBW)
                      )      Judge Reggie B. Walton
     v.            )
                      )
INTERNAL REVENUE SERVICE,  )
                      )
      Defendant.  )

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE, IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND *IN CAMERA* REVIEW OF IMPROPERLY WITHHELD DOCUMENTS

Pursuant to Local Civil Rules 7(h) and 56.1, Plaintiff Georgia-Pacific Corporation ("Georgia-Pacific") submits this Statement of Material Facts As To Which There Is No Genuine Issue, in support of its Motion for Partial Summary Judgment and *In Camera* Review of Improperly Withheld Documents:

1.     On August 25, 2005, Georgia-Pacific submitted a Freedom of Information (FOIA) request to Defendant Internal Revenue Service (IRS).  See Letter from Barbara T. Kaplan to IRS FOIA office, August 25, 2005, attached as **Exhibit 1**.

2.     Georgia-Pacific's FOIA request sought "any and all documents, reports, records, memoranda, correspondence, notes, research, or other written or electronic materials, including public comments and hearing transcripts, that pertain to or were considered, reviewed, or referred to by Internal Revenue Service or Treasury Department personnel in connection with the promulgation, and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199." Id.

3.      Although the FOIA requires IRS to respond within 20 days, 26 C.F.R. §

601.702, IRS failed timely to respond, and on September 21, 2005, Georgia-Pacific

received a letter requesting an extension of time to respond.  See Letter from Symeria R.

Rascoe to Barbara T. Kaplan, September 21, 2005, attached as **Exhibit 2**.

4.      Ms. Rascoe's letter stated that IRS received Georgia-Pacific's request on

September 2, 2005, and that IRS "will try to respond within 60 days from the date of this

letter." Id.  The letter offered no explanation as to why IRS was unable to process

Georgia-Pacific's request in the statutorily-allotted time.  Georgia-Pacific allowed IRS

the extension.

5.      In actuality, IRS did not even initiate its search for responsive documents

within its Legal Processing Division (LPD) until September 20, 2005.  See Declaration of

Deborah Lambert-Dean, attached as **Exhibit 3**, at ¶6.

6.      The documents IRS claims are responsive to Georgia-Pacific's FOIA

request are kept in a single file.  Id.

7.      On November 28, 2005, Georgia-Pacific received another request for a

voluntary extension from IRS.  See Letter from Symeria R. Rascoe to Barbara T. Kaplan,

November 28, 2005, attached as **Exhibit 4**.  This second letter offered no explanation for

the continued delay, but promised once again that IRS "will try to respond within 60

days." Id.

8.      Rather than grant another extension, Georgia-Pacific filed suit on

December 20, 2005.

9.      By admission of IRS Office of Chief Counsel, Disclosure and Privacy

Law, IRS did not even *begin* to review the documents responsive to Georgia-Pacific's

request until after Georgia-Pacific had filed its Complaint in this case. <u>See</u> Declaration of Deborah Lambert-Dean, at ¶12.

10.    On February 16, 2006, IRS filed its Answer, claiming that "some or all of the documents responsive to Plaintiff's request are exempt from disclosure in whole or in part pursuant to 5 U.S.C. § 552(b)."

11.    Counsel for both parties first spoke on February 21, 2006. Counsel for IRS at this time advised Georgia-Pacific's counsel that IRS had completed its search for records generated by Georgia-Pacific's request, but had not finished its review for exempted material. <u>See</u> Letter from David P. Callet to David M. Katinsky, March 6, 2006, attached as **Exhibit 5**.

12.    IRS released to Georgia-Pacific roughly 3000 pages of responsive documents on April 7, 2006. It withheld 613 pages in full and 125 pages in part. <u>See</u> Letter from David M. Katinsky to David P. Callet, April 7, 2006, attached as **Exhibit 6**.

13.    On May 12, 2006, Georgia-Pacific received from IRS the Declaration of Deborah Lambert-Dean, describing the scope of IRS's search in response to Georgia-Pacific's FOIA request, the results of its review, and the FOIA exemptions claimed to be applicable to certain withheld documents or groups of withheld documents. <u>See generally</u> Declaration of Deborah Lambert-Dean.

14.    Ms. Lambert-Dean states in her Declaration that she has "reviewed all documents at issue in this litigation" and has "attempted to make every reasonably segregable non-exempt portion of every responsive document available to the plaintiff." <u>See</u> Declaration of Deborah Lambert-Dean, at ¶4.

15.    According to Ms. Lambert-Dean's Declaration, IRS asserts that the documents it withheld from disclosure are protected by three FOIA exemptions: (1) Exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103; (2) Exemption 5, 5 U.S.C. § 552(b)(5); and (3) Exemption 6, 5 U.S.C. § 552(b)(6). Id. at ¶¶ 15-21.

16.    On May 19, 2006, counsel for Georgia-Pacific advised counsel for IRS that Georgia-Pacific intended to challenge the adequacy of IRS's search for documents and the following seven documents allegedly exempted by FOIA Exemption 5:

- Pages 1230-1234 (found at Declaration pp. 35-6, subsection (ll)): a memorandum dated January 2, 1969 from Mr. McDaniel to a government employee Mr. Surrey consisting of an assessment of the intended purpose of the proposed regulation being drafted under section 103 and containing a summary of the principal issues encountered during the formulation of the proposed regulation as well as the IRS's intended response to these issues.

- Pages 2152-2156 (found at Declaration p. 40, subsection (aaa)): an undated, unsigned draft memorandum concerning the proper tax treatment of industrial development bonds when issued by non-specific entities.

- Pages 883-1015 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1028-1042 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1332-1333 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1378-1440 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 2080-2148 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds

as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

See Letter from David P. Callet to David M. Katinsky, May 19, 2006, attached as

**Exhibit 7**.

17.    Counsel for Georgia-Pacific offered to discuss the scope of the IRS search for responsive documents with counsel for the IRS, as well as the seven contested documents in an effort to resolve the matter without the Court's involvement. Id. This offer was declined.

Dated:  June 16, 2006                              Respectfully submitted,

                                                                   /s/
                                                   _____
                                                   David P. Callet (DC Bar No. 181990)
                                                   Ross E. Eisenberg (DC Bar No. 489045)
                                                   GREENBERG TRAURIG LLP
                                                   800 Connecticut Ave., N.W., Suite 500
                                                   Washington, DC 20006


                                                   OF COUNSEL:

                                                   Michael L. Lehr
                                                   Greenberg Traurig, LLP
                                                   Two Commerce Square, Suite 2700
                                                   2001 Market Street
                                                   Philadelphia, PA  19103

                                                   *Counsel for Plaintiff*
                                                   *Georgia-Pacific Corporation*

5