**EXHIBIT 3, Part 1**



**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

---

BNC:dlb
5-16-3958
CMN 2006101343

*Post Office Box 227*
*Washington, DC 20044*

Telephone: (202) 514-0472
Telecopier: (202) 514-6866

May 11, 2006

**FedEx**
David P. Callet, Esq.
Ross Eisenberg, Esq.
Greenberg Traurig LLP
800 Connecticut Avenue, NW
Suite 500
Washington, D.C. 20006

      Re:    Georgia-Pacific Corp. v. Internal Revenue Service
            <u>Civil No. 05-02431 (RBW) (USDC DDC)</u>

Dear Mr. Callet:

    Enclosed is the Declaration of Deborah Lambert-Dean regarding documents exempt from the FOIA with respect to the above captioned case.

    Please call me at (202) 353-2260 if you have any questions.

                  Sincerely yours,

                  BRITTNEY CAMPBELL
                    Trial Attorney
           Civil Trial Section, Eastern Region

Enclosure

cc:    Deborah Lambert-Dean,
     Office of Chief Counsel Disclosure
     111 Constitution Ave., NW
     Room 5501
     Washington, DC 20224

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF COLUMBIA

3

4    GEORGIA-PACIFIC CORP.,                    )

5          Plaintiff,                          )          1:05 CV-02431

6          v.                                  )

7    INTERNAL REVENUE SERVICE                  )

8          Defendant.                          )

9    <u>DECLARATION OF DEBORAH LAMBERT-DEAN</u>

10          I, DEBORAH LAMBERT-DEAN, pursuant to the provisions of 28 U.S.C.

11    § 1746, declare and say:

12          1.  I am an attorney in the Office of Chief Counsel, Disclosure & Privacy

13    Law [DPL], Branch 2, Internal Revenue Service [IRS] and, since December

14    2005, I have been assigned to the above-captioned case.  I have been employed

15    as an attorney in Disclosure & Privacy Law since September 1987.

16          2.  As part of my official duties, I am responsible for coordinating with the

17    Department of Justice the IRS's defense of the Freedom of Information Act

18

19    (FOIA) lawsuit in which this declaration is being filed.

20          3.  I have personally reviewed and am familiar with all the documents at issue

21    in this lawsuit.

22          4. I am familiar with the segregation requirement of subsection (b) of the

23    FOIA for any nonexempt information contained in responsive agency records. I

24    have reviewed all documents at issue in this litigation and have attempted to

25    make every reasonably segregable non-exempt portion of every responsive

26

27

28                                        1

1  document available to the plaintiff.  The IRS has withheld in their entirety only

2  those documents that fall as a whole within a FOIA exemption, or those

3  documents wherein the portions exempt from disclosure under the FOIA are so

4  inextricably intertwined with nonexempt material as to be non-segregable.

5  Through the Department of Justice, our office has released to plaintiff 2,918

6  pages in their entirety and 125 in part.

7

8                              **THE FOIA REQUEST**

9          5.  Plaintiff submitted a FOIA request to the IRS dated August 25, 2005,

10  asking for:

11              Copies of any and all documents, reports, records,

12              memoranda, correspondence, notes, research, or other written

13              or electronic materials, including public comments and hearing

14              transcripts, that pertain to or were considered, reviewed, or

15              referred to by Internal Revenue Service or Treasury

16

17              Department personnel in connection with the promulgation,

18              and any amendments thereto, of Treasury Regulation Section

19              1.103-8(f), T.D. 7199.

20

21  (A copy of this request is attached as Exhibit A to this Declaration).

22          6.  The Office of Governmental Liaison and Disclosure (GLD) in IRS National

23  Office (Washington, D.C.) is responsible for processing all FOIA requests made for

24  documents located in the National Office and by memorandum dated September

25  20, 2005, GLD initiated a search for responsive documents by forwarding a copy of

26  plaintiff's request to the Legal Processing Division [LPD] within the Office of

27

28                                    2

1  Associate Chief Counsel, Procedure & Administration, the function responsible for

2  maintaining files for finalized published guidance, such as T.D. 7199.  (A copy of this

3  search request is attached as Exhibit B to this Declaration).

4          7.  By letter dated September 21, 2005, GLD asked plaintiff for a voluntary

5  extension of time to respond to their FOIA request, seeking an additional 60 days.

6  (A copy of this letter is attached as Exhibit C to this Declaration).

7

8          8.  LPD initiated a search for responsive documents and determined that the

9  files associated with T.D. 7199 had been provided to an attorney in the Office of

10  Chief Counsel, Tax Exempt and Government Entities (TEGE) in July 2005 and had

11  not been returned to LPD by that attorney.  In an electronic mail transmission dated

12  October 31, 2005, LDP asked the attorney who had these files to return them to

13  LPD.  By electronic mail dated November 1, 2005, the attorney replied, agreeing to

14  do so.  (A copy of these electronic mail transmissions is attached as Exhibit D to this

15  Declaration).

16

17          9.  Because GLD had not yet been provided with a response from LPD to

18  their request for documents associated with T.D. 7199, by memorandum dated

19  November 28, 2005, GLD once again asked LPD to search for responsive

20  documents.  (A copy of this memorandum is attached as Exhibit E to this

21  Declaration).

22

23          10.  Also by letter dated November 28, 2005, GLD once again asked plaintiff

24  for a voluntary extension of 60 days to respond to plaintiff's request.  (A copy of this

25  letter is attached as Exhibit F to this Declaration).

26

27

28

3

11. The defendant did not make a substantive response to plaintiff's request and plaintiff did not file an administrative appeal under the FOIA prior to the instigation of this litigation on December 20, 2005.

12. My office received a copy of plaintiff's complaint on December 20, 2005, and it was assigned to me. Because I was absent from the office from before December 20, 2005 until January 3, 2006, my manager Gerald R. Ryan, Senior Technician Reviewer, Branch 2, DPL, initiated the search for both the administrative FOIA request file and for the documents responsive to the FOIA request. Those documents referenced above as Exhibits A-F were obtained from the administrative FOIA request file maintained with GLD. The responsive documents were provided to my office by LPD's Docket, Record's and User Fees Branch.

13. The assembly and storage of files such as the file for T.D. 7199 at issue here, is governed by guidelines set forth in the Internal Revenue Manual [IRM]. The IRM specifies that the attorney assigned to a regulation project is to create a legal file that the attorney is responsible for maintaining until the file is closed. The legal file is to contain all documents germane to the publication of the regulation, including published regulations and notices, unmarked drafts, drafts that have been marked-up by the IRS and/or the Department of Treasury along with related buckslips and distribution memorandum, briefing memoranda, IRS and Treasury memoranda (designated as transmittal, policy memoranda and internal comments), conference and briefing reports (designated as summaries of conferences and briefing sessions), public comments, (including summaries of these comments and documents related to public hearings), administrative memoranda, handwritten

4

notes, email communications and, after a regulation has been published, a copy of

the *Federal Register* reprint.  When a regulation is published and the assembly of

the legal file for the T.D. is complete, the file is to be labeled with the T.D. number

and submitted to the Docket, Records and User Fee Branch in LPD for storage.

See IRM at 30.9.2.1.1 (7-21-2005).  (Copy attached as Exhibit G to this

Declaration).  This is the Branch that Mr. Ryan contacted in late December 2005,

and that Branch provided our office with the complete file for T.D. 7199.

<u>PROCESSING THE T.D. 7199 DOCUMENTS</u>

14.  The documents responsive to plaintiff's request total 3,656 pages.  I

reviewed these documents and, in conjunction with my Branch Chief Donald M.

Squires, made determinations with regard to the assertion of applicable FOIA

exemptions.  On April 4, 2006, based on this review, my office provided the

Department of Justice with 2,918 pages to be released to plaintiff in full and 125

pages to be released to plaintiff in part.   In paragraphs 16, 19 and 21 of this

declaration, I have described the documents that were withheld, either in full or in

part, that remain at issue in this lawsuit.  In paragraphs 15, 17-18 and 20, I have

described the rationale under the FOIA for withholding those documents either in

part or in full.

<u>EXEMPTION (b) (3) IN CONJUNCTION WITH § 6103(a)</u>

15.  Certain of the documents were withheld either in full or in part

pursuant to Exemption (b) (3) in conjunction with 26 U.S.C. § 6103.  Exemption 3

and § 6103 are asserted with respect to documents, or portions of documents,

that either consist of third party return information in their entirety or reference

5

1    specific third party taxpayers.  FOIA subsection (b)(3) permits the withholding of

2    records that are specifically exempted from disclosure pursuant to a qualifying

3    statute other than the FOIA.  I.R.C. § 6103, which sets forth particularized criteria

4    for the disclosure of returns and return information, has been held to be a statute

5    meeting the criteria of FOIA subsection (b)(3).  Exemption (b)(3) is being

6    asserted in conjunction with I.R.C. § 6103(a) to withhold the return information of

7    individuals and entities other than plaintiff.  I.R.C. § 6103(b)(2) defines "return

8    information," in pertinent part, as:

9

10          (A) a taxpayer's identity ... or any other data, received by, recorded by,

11          prepared by, furnished to, or collected by the Secretary with respect to a

12          return or with respect to the determination of the existence, or possible

13          existence, of liability [under the Internal Revenue Code] ... .

14   I.R.C. § 6103(a) provides that returns and return information shall not be

15

16   disclosed except as authorized by any provision of the Code.  Plaintiff has not

17   demonstrated a material interest within the meaning of 26 U.S.C. § 6103(e) nor

18   has it furnished the Service with consents of any of these third party taxpayers

19   consistent with 26 U.S.C. § 6103(c).   Accordingly, plaintiff has not demonstrated

20   its entitlement to any third party tax information.

21          16. The following are those documents that have been withheld, either in

22   full or in part, pursuant to Exemption (b) (3) in conjunction with 26 U.S.C.

23   § 6103:

24

25          (a)  Pages 184-187:  This document has been withheld in its entirety.

26   This is a memorandum dated July 7, 1971, from IRS employee C. Willis Ritter to

27

28                                              6

1    "Files" concerning a question that a specific third party taxpayer had presented to

2    the IRS about a specific facility in which the taxpayer was involved and whether

3    bonds issued to build that facility be exempt under the Internal Revenue Code

4    [I.R.C. or Code] and the proposed industrial development bond regulations, T.D.

5    7199.  The memorandum is being withheld in its entirety as third party tax return

6    information since it consists entirely of a discussion of this taxpayer's transaction

7

8    and how the IRS may want to treat such a transaction.

9         (b)  Pages 190-193, 2068-2071:  These documents have been withheld in

10    their entirety.  These are two copies of a "Memorandum to File" dated

11    September 7, 1972, written by IRS employee Kenneth Iltz entitled "Corrections to

12    T.D. 7199 (relating to industrial development bonds)".  It consists of the author's

13    impressions as to why and how certain revisions to T.D. 7199 came to be viewed

14

15    as necessary after its publication on August 3, 1972 as they affected a specific

16    third party taxpayer.

17         (c)  Pages 216-218:  This document has been withheld in its entirety.  This

18    is a letter from the representative of a third party taxpayer reflecting the

19    representative's views as to how the proposed regulation could adversely affect

20    their client.  This letter was not submitted to the IRS as part of a public comment

21    period on proposed regulations and the representative specifically asked that the

22

23    IRS keep the contents of the letter confidential.

24         (d)  Page 622:  A portion of this page has been withheld.  The document

25    is a comment on a proposed regulation concerning industrial development bonds

26    that was submitted to the IRS by a specific taxpayer   The withheld portion

27

28                                              7

1  consists of a handwritten notation detailing tax information concerning the

2  specific taxpayer who had submitted the comment.

3      (e)  Pages 866-868:  This document has been withheld in its entirety.  It is

4  an unsigned "Memorandum to File" dated December 23, 1970, related to a

5  provision made within the draft proposed regulation with respect to a transaction

6  entered into by a specific third party taxpayer.  It consists of the authors

7  impressions and opinions as to how and why certain provisions of the proposed

8  draft regulation were tailored for the benefit of this taxpayer.

9

10      (f)  Pages 1019-1022:  This document has been withheld in its entirety.

11  This is a "Conference Memorandum" about a meeting that was held in

12  September 1970, at the request of specific third party taxpayers concerning

13  industrial development bonds.  The memorandum details specific problems

14  these taxpayers anticipate as the result of the implementation of the proposed

15  regulation and proposals made by these taxpayers in order to alleviate their

16  concerns with respect to these perceived problems.  There is discussion as to

17  the IRS/Treasury's likely response to these taxpayers' concerns as well as some

18  discussion as to proposed legislative changes sought by these third party

19  taxpayers.

20

21      (g)  Pages 1076-1079:  This document is being withheld in its entirety.  It

22  is an unsigned, undated draft memorandum prepared within the Legislation and

23  Regulations Division and not addressed to any party.  The stated purpose of the

24  memorandum is to serve as an aid in the construction and interpretation of

25  certain terms in connection with the development of draft proposed regulations

26

27

28

8

1    under section 103(c)(4)(E).  There is a brief discussion of a ruling issued to a

2    specific third party taxpayer.

3        (h)  Pages 1081-1082:  This document is being withheld in its entirety.  It

4    is a letter dated December 18, 1969, to Treasury's Tax Legislative Counsel from

5    the congressional delegation of a specific state concerning a ruling issued by the

6    IRS to a third party taxpayer located within that state.

7

8        (i)  Pages 1085-1086:  This document is being withheld in its entirety.  It is

9    a letter dated December 12, 1969, from the Treasury Tax Legislative Counsel to

10   the representative of a third party taxpayer concerning the tax implications of

11   proposed regulations upon a third party taxpayer and providing details as to a

12   proposed meeting between the taxpayer's representative and the Office of Tax

13   Legislative Counsel.

14

15       (j)  Page 1087:  This document is being withheld in its entirety.  This is a

16   letter from the Secretary of Treasury to the representative of a third party

17   taxpayer concerning whether certain transactions engaged in by the

18   representative's clients would fall within the purview of legislation on industrial

19   development bonds.

20

21       (k)  Pages 1088 and 1089:  Portions of these two documents have been

22   withheld.  These are two copies of a one page memorandum from Mr. Nolan,

23   Assistant Secretary of Treasury to Mr. Kennedy, the Secretary of the Department

24   of Treasury concerning a revenue ruling with respect to bonds that are to be

25   issued by a specific taxpayer.  The withheld portions identify the taxpayer by

26   name and, certain of the withheld portions contain analysis as to the effect

27

28

9

1   existing tax law would have on the taxpayers liabilities.

2       (l)  Pages 1090-1098:  These pages have been withheld in their entirety.

3   These documents consist of a cover letter and accompanying draft documents

4   from the representative of a third party taxpayer to the Secretary of the Treasury.

5    These documents include the name of the third party taxpayer, a summary as to

6   the history of the formulation of the third party entity, a list of the directors for the

7

8   third party taxpayer, a memorandum summarizing the transactions in which the

9   third party taxpayer has engaged and the author's opinions as to how current

10  legislation on industrial development bonds will impact the third party entity.

11      (m)  Pages 1099-1103:  This document is being withheld in its entirety.

12  This is a memorandum from the Tax Legislative Counsel to the Director,

13  Legislation and Regulations concerning proposed industrial development bond

14  regulations.  The letter contains detailed discussions of policy areas that the

15

16  Legislative Counsel believes should be considered by Legislation and

17  Regulations when they making revisions to the draft proposed regulation and

18  contains taxpayer specific examples as to how certain determinations with

19  respect to certain policy considerations may play out with respect to these third

20  party taxpayers.

21

22      (n)  Page 1104: This document has been withheld in its entirety.  This is a

23  memorandum of a telephone conversation dated December 3, 1969, concerning

24  a conversation in which Arnold Levine, Income Tax Division, and a Congressman

25  participated.  The conversation concerned a specific issue raised by one of the

26  Congressman's constituents who had asked the Congressman to intervene with

27

28                                              10

1    the IRS on his behalf.  The discussion centered on what actions the constituent

2    could take in order to satisfy certain legislative requirements.

3         (o)  Pages 1105-1112:  These three letters are being withheld in their

4    entirety.  These are copies of correspondence all of which relate to the

5    constituent concerns referenced above as page 1104.  Pages 1105-1106 is a

6    letter from the Congressman to the IRS describing his constituent's transaction,

7    the tax problems associated with how the transaction was structured, and asking

8    for the IRS to assist the constituent with this matter.  Pages 1107-1108 is a letter

9    from the Chairman of the House Ways and Means Committee to the

10   Congressman describing to the Congressman the views of the Chairman as to

11   the proper interpretation of the legislation at issue.  Pages 1109-1112 is a letter

12   from the Chairman, House Committee on Ways and Means, addressing the

13   same legislative question that formed the basis for the constituent's problems.

14   All of this correspondence consists of taxpayer specific information concerning

15   one taxpayer who had matters before the IRS.

16        (p)  Pages 1113-1118:  These pages are being withheld in their entirety.

17   Pages 1113-1115 are a memorandum of a conference between the

18   Congressman cited above in pages 1104-1112, persons representing his

19   constituent, and persons from the IRS, including Arnold Levine.  The conference

20   was held on November 3, 1969.  The memorandum consists of factual

21   information about the constituent/taxpayer's transactions and the ruling that the

22   taxpayer was requesting from the IRS, attaching a copy of the ruling request

23   dated October 30, 1969.  (Pages 1116-1118 are the ruling request).

24

25   11

26

27

28

1    (q)  Page 1129:  This document is being withheld in its entirety.  This is an

2  October 1969 memorandum from James Dring in the Legislation and

3  Regulations Division to Arnold Levine in the Income Tax Division concerning

4  ruling that had been requested from the IRS by a specific third party taxpayer.

5  The memorandum contains the name of the taxpayer and discusses the position

6  that Legislation and Regulations believed appropriate with respect the

7  transaction that is the subject of the proposed ruling.

8

9    (r)  Page 1130:  This document is being withheld in its entirety.  This is an

10  October 8, 1969, memorandum from Arnold Levine in the Income Tax Division to

11  James Dring in the Legislation and Regulations Division requesting his

12  consideration of a proposed ruling that had been requested from the IRS by a

13  specific third party taxpayer.  The memorandum contains the name of the

14  taxpayer and discusses the position that the Income Tax Division believes is

15  appropriate with respect the transaction that is the subject of the proposed ruling.

16

17    (s)  Page 1132:  This document is being withheld in its entirety.  This is a

18  memorandum from Arnold Levine in the Income Tax Division to John Nolan at

19  Treasury, dated August 21, 1969, concerning the appropriate treatment of a

20  transaction engaged in by a specific named third party taxpayer.

21

22    (t)  Pages 1133-1134:  This document is being withheld in its entirety.

23  This is a memorandum from Mr. Kauder at Treasury to Mr. Nolan at Treasury

24  concerning the proper tax treatment of a transaction engaged in by a specific

25  third party taxpayer.  The document consists of an analysis of the specific

26  transaction and the author's opinions as to how Treasury should view the

27

28

1  transaction.

2      (u) Pages 1135-1138:  This document is being withheld in its entirety.

3  This is a memorandum from Mr. Nolan at Treasury to Mr. Kauder at Treasury

4  concerning a request for analysis as to the proper tax treatment of a transaction

5  engaged in by a specific third party taxpayer.  The document consists of an

6  analysis of the specific transaction and the author's opinions as to how Treasury

7  should view the transaction.

8

9      (v) Pages 1140-1141:  The document is being withheld in its entirety.

10  This is a memorandum dated June 25, 1969, from James Dring, Legislation and

11  Regulations Division, to John Withers, Interpretative Division concerning the

12  proper tax treatment of a transaction engaged in by a specific third party

13  taxpayer.  The document consists of an analysis of the specific transaction and

14  the author's opinions as to how Legislation and Regulations would view the

15  transaction.

16

17      (w) Pages 1144-1152:  The document is being withheld in its entirety.

18  This is a memorandum dated June 13, 1969, from John Withers, Interpretative

19  Division to James Dring, Legislation and Regulations Division, concerning the

20  proper tax treatment of a transaction engaged in by a specific third party

21  taxpayer.  The document consists of an analysis of the specific transaction and

22  the author's opinions as to how the Interpretative Division would view the

23  transaction.

24

25      (x) Pages 1162-1163:  This document is being withheld in its entirety.

26  This is a "record of conference with taxpayers and their representatives"; a

27

28                                     13

1   document prepared by an IRS participant at a meeting between IRS personnel

2   and representatives of a third party taxpayer.  The meeting was held on May 6,

3   1969, to discuss the tax ramifications of a specific transaction engaged in by a

4   specific third party taxpayer.

5        (y)  Pages 1164-1165:  This document is being withheld in its entirety.

6
7   This is a memorandum of a conference held on May 2, 1969 and attended by

8   Commissioner Thrower, Deputy Commissioner Smith and R.J. Staken, J.W.S.

9   Littleton, A. Levine, L. Fox and K Ruhe.  The purpose of the conference was to

10  discuss a ruling that had been requested by a third party taxpayer concerning a

11  specific transaction in which that taxpayer had engaged and portions of the

12  document consist of an analysis of the transaction and how the IRS would view

13  the tax implications of the transaction.

14
15       (z)  Pages 1204-1220:  This document is being withheld in its entirety.

16  This is a memorandum from James Dring, Legislation and Regulations Division,

17  to Paul McDaniel, Tax Legislative Counsel, dated March 17, 1969.  This

18  memorandum was written in response to a request that the Office of Tax

19  Legislative Counsel provide L & R with their opinion as to the taxable status of

20  industrial development bonds to be issued by a third party taxpayer.  The

21  document contains fact specific third party tax information as well as analysis

22
23  and opinion as to the tax ramifications of the issuance.

24       (aa)  Page 1224:  This document is being withheld in its entirety.  This is a

25  letter from a constituent to a United States Senator, dated January 14, 1969,

26  asking for guidance as to the tax status of industrial development bonds.

27
28                                    14

1    (bb)  Page 1225:  Portions of this document have been withheld.  The

2  withheld portions consist of the name and other identifying information of a

3  specific taxpayer.

4    (cc)  Pages 1226-1228:  This document is being withheld in its entirety.

5  This is a memorandum dated January 9, 1969, from Mr. McDaniel to "Files"

6  concerning the use of industrial development bonds by a specific third party

7  taxpayer.  The document consists of factual information about the third party

8  taxpayer and the transaction being contemplated by them.  There is opinion and

9  analysis as to the IRS's position with respect to the transaction under

10  contemplation.

11    (dd)  Page 1229:  This document has been withheld in its entirety.  This is

12  a "record of conference taxpayers and their representatives"; a document

13  prepared by an IRS participant at a meeting between IRS personnel and

14  representatives of a third party taxpayer.  The meeting was held on January 13,

15  1969, to discuss the tax ramifications of a specific transaction engaged in by a

16  specific third party taxpayer.

17    (ee)  Pages 1339-1342, 1345-1348, 1349-1352:  These documents have

18  been withheld in their entirety.  These are copies of an undated, unsigned letter

19  from the Chief, Individual Income Tax Branch to the representative of a third

20  party taxpayer concerning a ruling request the taxpayer had made to the IRS

21  with respect to certain industrial development bonds transactions.  The

22  document contains detailed fact specific information about the transaction and

23  provides the taxpayer with the IRS's opinion as to the proper tax treatment of the

15

1   transaction.

2        (ff)  Page 1359:  Portions of this page have been withheld.  The withheld

3   portions consist of the name of a third party taxpayer.

4        (gg)  Page 1360:  Portions of this page have been withheld.  The withheld

5   portions consist of the name and other identifying information, including detailed

6   transaction information, or a third party taxpayer.

7

8        (hh)  Pages 1361-1367:  This document is being withheld in its entirety.

9   This is a letter dated July 2, 1969, signed by the Chief, Individual Income Tax

10  Branch to a third party taxpayer attaching a copy of the IRS response to a ruling

11  request the taxpayer had made to the IRS with respect to certain industrial

12  development bonds transactions.  The document contains detailed fact specific

13  information about the transaction and provides the taxpayer with the IRS's

14

15  opinion as to the proper tax treatment of the transaction.

16       (ii)  Page 1441:  This document is being withheld in its entirety.  This is a

17  letter from a third party taxpayer to the Assistant Secretary of the Treasury dated

18  August 29, 1968, requesting that Treasury/IRS provide the taxpayer with the

19  answer to a specific question concerning the proper treatment of certain

20  industrial development bond transactions.

21

22       (jj)  Pages 1445-1446:  This document is being withheld in its entirety.

23  This is a memorandum dated July 22, 1968, from James Dring, Director,

24  Legislation and Regulations Division to John Littleton, Director, Income Tax

25  Division concerning industrial development bonds as they are being used in a

26  specific state.  The memorandum relays the concerns of a representative of the

27

28                                    16

1    state as they were expressed in a meeting between the state representatives

2    and Treasury/IRS personnel and requests an expedited ruling to answer

3    questions posed to the IRS by the state.

4        (kk)  Pages 2018-2020:  This document is being withheld in its entirety.

5    This is a letter dated July 19, 1971, signed by the Director, Individual Income Tax

6    Branch to a third party taxpayer concerning a ruling request the taxpayer had

7

8    made to the IRS with respect to certain industrial development bonds

9    transactions.  The document contains detailed fact specific information about the

10   transaction and provides the taxpayer with the IRS's opinion as to the proper tax

11   treatment of the transaction.

12       (ll)  Pages 2021-2024:  These two documents are being withheld in their

13   entirety.  These are two copies of an unsigned memorandum from 1973 from

14   James Dring, Director, Legislation and Regulations, to John Withers, Director,

15

16   Interpretative Division, responding to a request for assistance as to the proper

17   treatment of specific transactions engaged in by utilities located in a specific city

18   within the United States.  These documents summarize the positions the IRS

19   has taken when similar questions have arisen in past transactions and provides

20   an opinion as to the proper treatment of the transaction that is the subject to the

21   instant request.

22

23       (mm)  Pages 2025-2036:  These documents have been withheld in their

24   entirety.  These are copies of three signed letters from the Chief, Individual

25   Income Tax Branch to the representative of a third party taxpayer concerning

26   ruling three requests the taxpayer had made to the IRS with respect to certain

27

28                                17

industrial development bonds transactions.  (The document at pages 2025-2029

is dated March 24, 1971; 2030-2034 is dated April 26, 1971; and 2035-2036 is

dated May 20, 1971).  These documents contain detailed fact specific

information about the transactions and provide the taxpayer with the IRS's

opinion as to the proper tax treatment of these transactions.

        (nn)  Pages 2053-2055:  This document is being withheld in its entirety.

This is handwritten notes from a discussion of personnel from the IRS offices of

Interpretative, Legislation and Regulations, and the Tax Legislative Counsel

concerning the proper tax treatment with respect to transactions entered into by

a specific third party taxpayer.  This document contains specific information

about the transaction and offers opinions as to how the IRS may want to treat

the transaction.

        (oo)  Pages 2056, 2058, 2061-2062, 2064, 2066, 2342-2344:  Portions of

each of these pages are withheld.  These pages consist of the "Regulations

History Record" that was maintained by the attorney within the Legislation and

Regulations Division assigned to T.D. 7199.  The withheld portions consist of

names and other identifiers of third party taxpayers.

        (pp)  Pages 2072-2075:  This document is being withheld in its entirety.

This a undated, signed copy of a letter from James Dring, Director, Legislation

and Regulations Division to the Acting Assistant Attorney General for the

Antitrust Division at the Department of Justice providing a response to a request

for advice as whether a specific transaction entered into by a specific third party

taxpayer would be deemed to be affected by the rules on industrial development

18

1    bonds.

2    (qq) Pages 2076-79: These pages are being withheld in their entirety.

3    Page 1076 is a letter dated June 23, 1972, from the Acting Assistant Attorney

4    General for the Antitrust Division at the Department of Justice to James Dring,

5    Director, Legislation and Regulations Division, requesting assistance with a

6    determination of the proper tax treatment of a transaction that was pertinent to

7

8    ongoing litigation.  Pages 2077-2079 is a factual summary of the pertinent

9    transaction that the Assistant Attorney General had provided to the IRS.

10    (rr) Pages 2149-2150: This document is being withheld in its entirety.

11    This is a signed memorandum, dated June 9, 1972, from James Dring, Director,

12    Legislation and Regulations Division to John Chapoton, Tax Legislative Counsel,

13    concerning the proper interpretation of a definition pertinent to industrial

14    development bonds.  The document references a certain governmental entity

15    and provides opinions and analysis as to whether such an entity would be

16    entitled to exempt tax status with respect to the issuance of industrial

17

18    development bonds.

19    (ss) Page 2151: Portions of this page have been withheld.  The withheld

20    information consists of the name of a third party taxpayer.

21

22    (tt) Page 2157-2159: Portions of this document have been withheld.

23    Some of the withheld portions consist of the name of a third party taxpayer.

24    (uu) Page 2160: This document has been withheld in its entirety.  This is

25    an unsigned memorandum dated January 18, 1972, from Mr. Ritter to Mr.

26    Chapoton concerning a ruling that has been requested by a third party taxpayer

27

28