**EXHIBIT 3, Part 2**

1  and providing preliminary conclusions reached in the draft response to the

2  request and asking that Mr. Chapoton's office weigh in on their views as to the

3  proper response to the request.

4      (vv)  Pages 2163-2172:  This document is being withheld in its entirety.

5  This is a memorandum to files dated April 7, 1971 authored by IRS employee

6  Arthur Schwartz concerning a meeting attended by representatives from IRS and

7  Treasury at which several transactions engaged in by third party taxpayers was

8  discussed and preliminary decisions were made as to the proper tax treatment of

9

10  each transaction.

11      (ww)  Pages 2311-2312:  Portions of this document have been withheld.

12  The withheld portions consist of a discussion of proposed changes to the draft

13  proposed regulation and a discussion as to why such changes are believed

14  necessary and the possible impact such changes may have on specific types of

15

16  transactions and specific named taxpayers.

17      (xx)  Pages 2315-2317:  This document is being withheld in its entirety.

18  This is a memorandum dated May 21, 1970 from the Tax Legislative Counsel to

19  the Chief Counsel providing details as to how outside bond counsel are

20  interpreting certain provisions of the regulations under section 103 and alerting

21  the Chief Counsel as to the impact such interpretations could have in on-going

22  tax matters.

23

24      (yy)  Pages 2318-2320:  This document is being withheld in its entirety.

25  This is a letter from the Chief, Individual Income Tax Branch to a third party

26  taxpayer in response to a request for a ruling.  This document contains

27

28

20

1  information about the third party taxpayer's specific transaction as well as the

2  IRS response as to the proper tax treatment of such transaction.

3      (zz)  Pages 2321-2328:  This document is being withheld in its entirety.

4  This is a signed memorandum dated March 31, 1970, from the Chief Counsel to

5  the Director, Income Tax Division concerning industrial development bonds

6  issued by a specific third party taxpayer.  This document contains detailed

7  information about the transactions in which the third party taxpayer engaged and

8

9  re-evaluates prior positions the IRS has taken with respect to these transactions.

10                      EXEMPTION (b)(5)

11      17.  The Government is also withholding certain information in records

12  that are responsive to plaintiff's FOIA request pursuant to subsection (b)(5) of

13  the FOIA.  FOIA subsection (b) (5) exempts from disclosure "inter-agency or

14  intra-agency memoranda or letters which would not be available by law to a party

15  other than agency in litigation with the agency."  This exemption has been

16

17  construed to encompass the attorney-client privilege, the work product doctrine,

18  and the deliberative process privilege.

19      18.  Certain of the information being withheld pursuant to FOIA exemption

20  (b) (5) falls within the deliberative process privilege.  The Government is

21

22  withholding drafts of documents and other records containing advisory opinions

23  and recommendations generated during the course of Chief Counsel attorneys'

24  review and consideration of legal guidance in conjunction with agency positions

25  vis-à-vis guidance associated with 1.103-8(f), T.D. 7199.  Furthermore, to the

26  extent other documents reflect the opinions or recommendations of agency

27

28                          21

1    personnel involved in the drafting and review of such guidance, that information

2    is also subject to the protections of the deliberative process privilege. All of the

3    records being withheld pursuant to the deliberative process privilege are

4    predecisional. These documents were prepared by components within the

5    agency, primarily within Chief Counsel, to assist executives within the agency

6

7    and at Treasury that issue regulations before reaching final decisions on how

8    certain issues would be treated in this guidance that culminated in this

9    regulation. The withheld information is also deliberative as it contains opinions

10   and/or recommendations reflecting "the give-and-take" of the agency's

11   deliberative processes leading to the issuance of guidance on industrial

12   development bonds. The disclosure of these documents would expose the

13

14   decision making processes of the agency, including the Office of Chief Counsel,

15   in such a way as to discourage candid discussion within the agency and

16   undermine its ability to perform its tax administration function. Further, with

17   respect to the final decisions that were made by various executives within the

18   agency regarding the positions that should be taken with respect to industrial

19   development bonds, final decisionmakers did not adopt or incorporate the

20   deliberations contained in these withheld documents by reference. Further, to

21   the extent any factual information was so inextricably connected to the

22   deliberative material that its disclosure would cause harm to the agency's

23   deliberations, the information was withheld. Also, when documents contained

24   selective facts upon which analysis, opinions and recommendations were made,

25   such that they too, reflect agency deliberations, those facts were also withheld.

26

27

28

1    Finally, the records withheld under FOIA exemption (b)(5) and the deliberative

2    process privilege in the instant litigation were not disclosed outside the agency or

3    the Department of Treasury.

4        19. The following are those documents that have been withheld, either in

5    full or in part, pursuant to Exemption (b)(5) and the deliberative process privilege:

6        (a) Pages 28, 33, 37 and 66:  These pages have been withheld in part.

7

8    The withheld portions consist of handwritten notations made in the margins and

9    these portions have been redacted from each of these pages.  These pages are

10   publicly available documents consisting in their entirety of replies to taxpayers

11   who have made requests to the IRS for Private Letter Rulings [PLRs].  The

12   portions that have been redacted from each of these pages are the author's

13   summation of the specific transactions that were at issue in each PLR and

14   identification of the specific details about the transactions that the author

15   believed to be significant in as to the treatment of the transactions vis-à-vis

16

17   regulations concerning industrial development bonds.

18       (b)  Pages 184-187:  These pages have been withheld in their entirety and

19   consist of a memorandum dated July 7, 1971, from C. Willis Ritter to "Files"

20   concerning a question that a specific third party taxpayer had presented to the

21   IRS about a specific facility in which the taxpayer was involved and whether

22

23   bonds issued to build that facility be exempt under the Internal Revenue Code

24   [I.R.C.] and the proposed regulations, T.D. 7199.  Certain portions of this

25   memorandum are predecisional in that they reflect the author's opinions as to

26   the most appropriate treatment of the taxpayer's situation for tax purposes,

27

28                                      23

1   weighing the pros and cons to the IRS should the agency chose one course of

2   treatment over another with respect to the issue of whether the issued bonds

3   would be exempt.  There is no indication that the author's opinions reflected a

4   final agency position and it is possible that the memorandum was placed in the

5   T.D. 7199 file merely so that these types of transactions could be taken into

6   consideration as the regulations were being formulated.

7

8       (c)  Pages 188-189:  This document has been withheld in part.  The

9   document is a memorandum to file entitled "In re:  Industrial Development Bonds

10  (§ 1.103-8(a)(5))".  The withheld portion on page 188 consists of a discussion of

11  specific items summarized in a chart (the chart is located on page 189).  This

12  discussion and chart reflects the author's opinions as to the spectrum of

13  possibilities with respect to resolution of issues arising under paragraph (a)(5) of

14  § 1.103-8 dependant upon the timing of facility completion.

15

16      (d)  Pages 190-193, 2068-2071:  These documents have been withheld in

17  their entirety.  These are two copies of a "Memorandum to File" dated

18  September 7, 1972, written by Kenneth Iltz entitled "Corrections to T.D. 7199

19  (relating to industrial development bonds)".  It consists of the author's

20  impressions as to why and how certain revisions to T.D. 7199 came to be viewed

21  as necessary after its publication on August 3, 1972 as they affected a specific

22  third party taxpayer.

23

24      (e)  Pages 469, 478-480, 489-490, 496, 502-510, 518- 519, 541, 546,

25  567, 571, 578, 585-589, 594, 596, 600-601, 604, 612, 620, 624, 626-627, 647-

26  648, 651, 654, 657-658, 662, 664-670, 673-676, 687-690, 693-701, 703, 718-

27

28

24

720, 724, 786-789, 797: Each of these pages have been withheld in part as handwritten notations made in the margins have been redacted from portions of each of these pages. These documents consist in their entirety of comments received from the public in response to the proposed regulation concerning industrial development bonds that had been printed in the *Federal Register* on January 14, 1969. The material redacted from portions of these documents are handwritten notations made in the margins of the documents that consist of the author's opinions and assessments as to the merits of the arguments and analysis in the comments.

(f) Pages 828-852, 883-1015, 1028-1042, 1175-1203, 1332-1333, 1353-1356, 1378-1440, 1677-1687, 2042-2052, 2080-2148, 2313-2314, 2330, 2333-2336: These documents have been withheld in their entirety. These documents consist in their entirety of drafts, or portions of drafts, of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

(g) Pages 853-860: This document has been withheld in its entirety. It is a memorandum from the Legislation and Regulations Division to the Assistant Secretary of the Treasury transmitting a draft proposed regulation and detailing the policy questions that had been placed before an entity described as the "Policy Committee" and how the Committee proposed to address such questions in the draft proposed regulation.

(h) Pages 861-864: This document has been withheld in its entirety. It is an unsigned "Memorandum to File" dated June 8, 1972 authored by Marcus

25

Blumkin, Technical Assistant to the Director, Legislation and Regulations Division, and consists of a summary of a telephone conversation Mr. Blumkin had with a person not employed by the Government. The memorandum consists of Mr. Blumkin's impressions of the significant issues raised by the outside party as well as his impressions as to analysis provided to him by the outside party.

(i) Pages 866-868: This document has been withheld in its entirety. It is an unsigned "Memorandum to File" dated December 23, 1970, related to a provision made within the draft proposed regulation with respect to a transaction entered into by a specific third party taxpayer. It consists of the author's impressions and opinions as to how and why certain provisions of the proposed draft regulation were tailored for the benefit of this taxpayer.

(j) Page 869: A portion of this page has been withheld. The document is a memorandum dated February 3, 1977, from Marcus B. Blumkin, Technical Assistant to the Director, Legislation and Regulations Division to K. Martin Worthy, Chief Counsel entitled "Industrial Development Bond Regulations—Memorandum to the File". The withheld portion consists of the Blumkin's opinions as to the validity of certain conclusions and an assessment as to whether the Chief Counsel should focus on issues raised in another memorandum dated December 23, 1970.

(k) Page 880: A portion of this page has been withheld. This page consists of a memorandum from John Nolan, the Acting Assistant Secretary at Treasury to K. Martin Worthy, Chief Counsel dated September 11, 1970 and

26

entitled "Industrial Development Bond Regulations". The withheld portion

consists of Mr. Nolan's opinions and assessments as to the importance of the

issuance of the regulation and how the issuance of the regulation will affected

him in his role of Assistant Secretary.

(l) Pages 1019-1022: This document has been withheld in its entirety.

This is a "Conference Memorandum" about a meeting that was held in

September 1970, at the request of certain specific third party taxpayers

concerning industrial development bonds. The memorandum details specific

problems these taxpayers anticipate as the result of the implementation of the

proposed regulation and proposals made by these taxpayers in order to alleviate

their concerns with respect to these perceived problems. There is discussion as

to the IRS/Treasury's likely response to these taxpayers' concerns as well as

some discussion as to proposed legislative changes sought by these third party

taxpayers and the IRS/Treasury's assessment as to whether such legislative

changes have merit and are likely to be implemented.

(m) Pages 1023-1027: This document has been withheld in its entirety.

This is a memorandum from Meade Whitaker, the Tax Legislative Counsel at

Treasury to an entity described as the "Policy Committee" summarizing certain

positions taken with respect to policy decisions made for the draft proposed

regulation and containing specific recommendations for the "Policy Committee"

to consider as it reflects upon these proposed positions.

(n) Pages 1043-1046, 1171-1174, 1335-1338, 1343-1344: These

documents have been withheld in their entirety. Pages 1043-1046 and 1171-

27

1174 are copies of a memorandum dated April 16, 1969, from the Commissioner

to the Assistant Secretary of the Treasury concerning T.D. 7199; pages 1335-

1338 is an undated, unsigned draft of this memorandum; pages 1343-1344

consist of the 3rd and 4th pages of the memorandum and page 4, the final page is

unsigned. The memorandum accompanies the proposed regulation and

contains a summary of suggestions that were made with respect to the proposed

regulation along with a detailed discussion as to why certain proposals were

adopted by the IRS and certain other proposals were not adopted by the IRS

and was provided to the Department of Treasury to assist with their

decisionmaking process as to whether the draft proposed regulation required

further revision.

(o) Pages 1076-1079: This document is being withheld in its entirety. It

is an unsigned, undated draft memorandum prepared within the Legislation and

Regulations Division and not addressed to any party. The stated purpose of the

memorandum is to serve as an aid in the construction and interpretation of

certain terms in connection with the development of draft proposed regulations

under section 103(c)(4)(E). There is a brief discussion of a ruling issued to a

specific third party taxpayer.

(p) Pages 1088 and 1089: Portions of these two documents have been

withheld. These are two copies of a one page memorandum from Mr. Nolan,

Assistant Secretary of Treasury to Mr. Kennedy, the Secretary of the Department

of Treasury concerning a revenue ruling with respect to bonds that are to be

issued by a specific taxpayer. The withheld portions identify the taxpayer by

28

name and, certain of the withheld portions contain analysis as to the effect

existing tax law would have on the taxpayers liabilities.

(q)  Pages 1099-1103:  This document is being withheld in its entirety. This is a memorandum from the Tax Legislative Counsel to the Director, Legislation and Regulations Division concerning proposed industrial development bond regulations.  The letter contains detailed discussions of policy areas that the Tax Legislative Counsel believes should be considered by the Legislation and Regulations Division when they making revisions to the draft proposed regulation and contains taxpayer specific examples as to how certain determination with respect to certain policy considerations may play out with respect to these third party taxpayers.

(r)  Page 1104: This document has been withheld in its entirety.  This is a memorandum of a telephone conversation dated December 3, 1969, concerning a conversation in which Arnold Levine, Income Tax Division, and a Congressman participated.  The conversation concerned a specific issue raised by one of the Congressman's constituents who had asked the Congressman to intervene with the IRS on his behalf.  The discussion centered on what actions the constituent could take in order to satisfy certain legislative requirements.

(s)  Page 1129:  This document is being withheld in its entirety.  This is an October 1969, memorandum from James Dring in the Legislation and Regulations Division to Arnold Levine in the Income Tax Division concerning a ruling that had been requested from the IRS by a specific third party taxpayer. The memorandum contains the name of the taxpayer and discusses the position

29

1  that the Legislation and Regulations Division believed appropriate with respect

2  the transaction that is the subject of the proposed ruling.

3      (t)  Page 1130:  This document is being withheld in its entirety.  This is an

4  October 8, 1969, memorandum from Arnold Levine in the Income Tax Division to

5  James Dring in the Legislation and Regulations Division requesting his

6  consideration of a proposed ruling that had been requested from the IRS by a

7  specific third party taxpayer.  The memorandum contains the name of the

8  taxpayer and discusses the position that the Income Tax Division believes is

9  appropriate with respect the transaction that is the subject of the proposed ruling.

10

11     (u)  Page 1132:  This document is being withheld in its entirety.  This is a

12  memorandum from Arnold Levine in the Income Tax Division to John Nolan at

13  Treasury, dated August 21, 1969, concerning the appropriate treatment of a

14  transaction engaged in by a specific named third party taxpayer.

15

16     (v)  Pages 1133-1134:  This document is being withheld in its entirety.

17  This is a memorandum from Mr. Kauder at Treasury to Mr. Nolan at Treasury

18  concerning the proper tax treatment of a transaction engaged in by a specific

19  third party taxpayer.  The document consists of an analysis of the specific

20  transaction and the author's opinions as to how Treasury should view the

21  transaction.

22

23     (w)  Pages 1135-1138:  This document is being withheld in its entirety.

24  This is a memorandum from Mr. Nolan at Treasury to Mr. Kauder at Treasury

25  concerning a request for analysis as to the proper tax treatment of a transaction

26  engaged in by a specific third party taxpayer.  The document consists of an

27

28

30

1  analysis of the specific transaction and the author's opinions as to how Treasury

2  should view the transaction.

3      (x)  Page 1139:  Portions of this document have been withheld.  The

4  document is a memorandum from James Dring, Director, Legislation and

5  Regulations Division to Paul McDaniel, Office of Tax Legislative Counsel dated

6  June 25, 1969 and entitled "Notice of Proposed Rule Making – Industrial

7  Development Bonds".  This memorandum was written in response to an inquiry

8  to the Assistant Commissioner (Compliance) as to the feasibility of proposed

9  amendments to the regulation.  The withheld portions consist of

10  recommendations as to how the regulations should specify that taxpayers

11  maintain records associated with their transactions in order to secure

12  Compliance's agreement to the proposed regulations.

13      (y)  Pages 1140-1141:  The document is being withheld in its entirety.

14  This is a memorandum dated June 25, 1969, from James Dring, Legislation and

15  Regulations Division, to John Withers, Interpretative Division concerning the

16  proper tax treatment of a transaction engaged in by a specific third party

17  taxpayer.  The document consists of an analysis of the specific transaction and

18  the author's opinions as to how Legislation and Regulations would view the

19  transaction.

20      (z)  Page 1143:  Portions of this document have been withheld.  The

21  document is a memorandum from the Deputy Assistant Commissioner

22  (Compliance) to the Director, Legislation and Regulations Division date-stamped

23  received June 24, 1969, and entitled "Proposed Regulations Section 1.103-

31

10(b)(2)(iv)(5)".  This memorandum was written in response to an inquiry as to the views of Compliance as to the feasibility of certain provisions in the proposed regulation.  The withheld portions consist of recommendations as to how the regulations should specify that taxpayers maintain records from their transactions in order to secure Compliance's agreement to the proposed regulations.

(aa)  Pages 1144-1152:  The document is being withheld in its entirety. This is a memorandum dated June 13, 1969, from John Withers, Interpretative Division to James Dring, Legislation and Regulations Division, concerning the proper tax treatment of a transaction engaged in by a specific third party taxpayer.  The document consists of an analysis of the specific transaction and the author's opinions as to how the Interpretative Division would view the transaction.

(bb)  Page 1153:  Portions of this document have been withheld.  This document is a memorandum from James Dring in the Legislation and Regulations Division to IRS employees Leon Green and Arnold Levine dated June 10, 1969, and entitled "Proposed regulations § 1.103-10(b)(2)(iv)(5)".  The withheld portions concern a memorandum from Mr. McDaniel, and consist of the author's assessment and analysis of the issues raised by Mr. McDaniel with respect to the proposed regulation; specifically what requirements the IRS would impose upon affected taxpayers and how the IRS would make determinations as to whether those taxpayers had met the requirements.

(cc)  Page 1154:  Portions of this document have been withheld.  This

32

document is a memorandum from Paul McDaniel, Office of Tax Legislative

Counsel to James Dring, Director, Legislation and Regulations Division, dated

June 6, 1969 and entitled "Industrial Development Bond Regulations". The

memorandum referenced a letter that had been received from a taxpayer. The

withheld portion consists of the author's assessment as the validity of the points

raised by the taxpayer with respect to the relaxation of certain of the

requirements in the proposed regulation.

(dd) Pages 1158-1160: This document is being withheld in its entirety.

This is a memorandum of a conference held on May 9, 1969, concerning

proposals to adopt certain positions in the drafting of the regulation on industrial

development bonds. The participants were the IRS Commissioner, Donald

Dawkins, John Noland and Paul McDaniel from Treasury and James Dring  and

Lawrence Fox from IRS Chief Counsel. The discussion summarizes comments

made by the public with respect to a specific aspect of the proposed regulation

and makes certain recommendations for Treasury to consider when reviewing

the regulation for finalization.

(ee) page 1161: Portions of this document have been withheld. This

document is a memorandum from H. Lawrence Fox, Assistant Chief Branch 2,

Legislation and Regulations Division to Arnold Levine, Assistant to the Director,

Income Tax Division dated May 12, 1969 and entitled "Proposed Treasury

decision concerning industrial development bonds". The withheld portions of this

document consist of the author's opinion as to the meaning of certain portions of

the regulation as perceived by certain functions within the IRS and his

33

1    assessment as to whether the issue should be brought to the attention of

2    decision makers prior to the promulgation of the regulation.

3        (ff)  Pages 1164-1165:  This document is being withheld in its entirety.

4    This is a memorandum of a conference held on May 2, 1969 and attended by

5    Commissioner Thrower, Deputy Commissioner Smith and R.J. Staken, J.W.S.

6    Littleton, A. Levine, L. Fox and K Ruhe.  The purpose of the conference was to

7    discuss a ruling that had been requested by a third party taxpayer concerning a

8    specific transaction in which that taxpayer had engaged and portions of the

9

10   document consist of an analysis of the transaction and how the IRS would view

11   the tax implications of the transaction.

12       (gg)  Page 1166:  This document is being withheld in its entirety.  This is a

13   memorandum to Commissioner Thrower (the author is not identified) dated April

14

15   16, 1969, and concerns a position the IRS was contemplating taking with respect

16   to the development of proposed regulation on industrial development bonds.

17   The author concludes that the IRS had options it needed to explore with respect

18   to the specific issues, discusses the pros and cons of these positions and asks

19   that the Commissioner consider these issues when making any determinations.

20

21       (hh)  Pages 1167-1168:  This document is being withheld in its entirety.

22   This is a memorandum from James Dring, Legislation and Regulations Division,

23   to Commissioner Thrower responding to a request from the Commissioner for

24   the Division's analysis as to the proper interpretation of certain language in

25   legislation on  industrial development bonds, section 103(c)(2)(A).

26       (ii)  Page 1170:  Portions of this document have been withheld.  This

27

28                                      34

document in a memorandum from the Director, Legislation and Regulations Division to the Acting Chief Counsel dated April 8, 1969 and entitled "Treasury decision—Industrial development bonds". The portion of the document being withheld consists of a discussion of certain provisions that have been deleted from the draft proposed regulation and an assessment as to why it was necessary to delete these provisions.

(jj)  Pages 1204-1220:  This document is being withheld in its entirety. This is a memorandum from James Dring, Legislation and Regulations Division, to Paul McDaniel, Tax Legislative Counsel, dated March 17, 1969.  This memorandum was written in response to a request that the Office of Tax Legislative Counsel provide L & R with their opinion as to the taxable status of industrial development bonds to be issued by a third party taxpayer.  The document contains fact specific third party tax information as well as analysis and opinion as to the tax ramifications as impacted by the circumstances of the issuance.

(kk)  Pages 1226-1228:  This document is being withheld in its entirety. This is a memorandum dated January 9, 1969, from Mr. McDaniel to "Files" concerning the use of industrial development bonds by a specific third party taxpayer.  The document consists of factual information about the third party taxpayer and the transaction being contemplated by them.  There is opinion and analysis as to the IRS's position with respect to the transaction under contemplation.

(ll)  Pages 1230-1234:  This document is being withheld in its entirety.

35

This is a memorandum, dated January 2, 1969, from Mr. McDaniel to government employee Mr. Surrey consisting of an assessment of the intended purpose of the proposed regulation being drafted under section 103 and containing a summary of the principal issues encountered during the formulation of the proposed regulation as well as the IRS's intended response to these issues.

(mm)  Page 1235:  Portions of this page have been withheld.  The withheld portions consist of a discussion of proposed revisions to the draft proposed regulation and the author's explanation as to why certain considered positions should not be adopted by the agency.

(nn)  Page 1239:  A portion of this page has been withheld.  The withheld portions consist of the author's recommendations as to specific issues that should be addressed in a draft letter to a specific third party entity.

(oo)  Page 1240:  This document has been withheld in its entirety.  This is a memorandum from the Director, Income Tax Division to the Director, Legislation and Regulations Division dated received December 10, 1968, concerning an informal review of proposed regulations on industrial development bonds and offering comments and recommendations with respect to the appropriate approach to take with certain aspects of the proposed regulation as it moved through the drafting process.

(pp)  Pages 1330-1331:  This document has been withheld in its entirety. This is a memorandum of a meeting dated June 6, 1969, involving personnel from the IRS Division of Audits and the Appraisal Section and from the Federal

36

Power Commission concerning the proscribed accounting treatment of nuclear fuel element costs by public utilities and how the accounting is affected by section 103(c)(4)(E) of the Code.

(qq)  Pages 1339-1342, 1345-1348, 1349-1352:  These documents have been withheld in their entirety.  These are copies of an undated, unsigned letter from the Chief, Individual Income Tax Branch to the representative of a third party taxpayer concerning a ruling request the taxpayer had made to the IRS with respect to certain industrial development bonds transactions.  The document contains detailed fact specific information about the transaction and provides the taxpayer with the IRS's opinion as to the proper tax treatment of the transaction.

(rr)  Pages 1357-1358:  This document is being withheld in its entirety. This is a memorandum dated January 6, 1970, from the Chief Counsel to James Dring, Legislation and Regulations Division, concerning the appropriate meaning of a certain type of facility for purposes of Code section 103(c)(4)(E).  This memorandum makes suggestions as to two possible alternative meanings to the relevant term and asks that Legislation and Regulations take these possible alternative meanings into consideration as they draft proposed regulations concerning industrial development bonds.

(ss)  Pages 1361-1367:  This document is being withheld in its entirety. This is a letter dated July 2, 1969, signed by the Chief, Individual Income Tax Branch to a third party taxpayer attaching a copy of the IRS response to a ruling request the taxpayer had made to the IRS with respect to certain industrial

development bonds transactions.  The document contains detailed fact specific information about the transaction and provides the taxpayer with the IRS's opinion as to the proper tax treatment of the transaction.

(tt)  Pages 1445-1446:  This document is being withheld in its entirety. This is a memorandum dated July 22, 1968, from James Dring, Director, Legislation and Regulations Division to John Littleton, Director, Income Tax Division concerning industrial development bonds as they are being used in a specific state.  The memorandum relays the concerns of a representative of the state as they were expressed in a meeting between the state representatives and Treasury/IRS personnel and requests an expedited ruling to answer questions posed to the IRS by the state.

(uu)  Pages 2018-2020:  This document is being withheld in its entirety. This is a letter dated July 19, 1971, signed by the Director, Individual Income Tax Branch to a third party taxpayer concerning a ruling request the taxpayer had made to the IRS with respect to certain industrial development bonds transactions.  The document contains detailed fact specific information about the transaction and provides the taxpayer with the IRS's opinion as to the proper tax treatment of the transaction.

(vv)  Pages 2021-2024:  These two documents are being withheld in their entirety.  These are two copies of an unsigned memorandum from 1973 from James Dring, Director, Legislation and Regulations to John Withers, Director, Interpretative Division, responding to a request for assistance as to the proper treatment of specific transactions engaged in by utilities located in a specific city

38

within the United States. These documents summarize the positions the IRS has taken when similar questions have arisen in past transactions and provides an opinion as to the proper treatment of the transaction that is the subject to the instant request.

(ww) Pages 2053-2055: This document is being withheld in its entirety. This is handwritten notes from a discussion of personnel from the IRS offices of Interpretative, Legislation and Regulations, and the Tax Legislative Counsel concerning the proper tax treatment of a transaction entered into by a specific third party taxpayer. This document contains specific information about the transaction and offers opinions as to how the IRS may want to treat the transaction.

(xx) Pages 2057, 2059, 2062-2066, 2342-2344: Portions of these pages have been withheld. These pages consist of the "Regulations History Record" that was maintained by the attorney within the Legislation and Regulations Division assigned to T.D. 7199. The withheld portions consist of summaries of specific discussions about how certain issues could be addressed and/or resolved in the draft proposed regulation.

(yy) Pages 2077-2079: These pages are being withheld in their entirety. This is a factual summary of the pertinent transaction that the Acting Assistant Attorney General, Antitrust Division, Department of Justice had provided to the IRS to accompany page 2076.

(zz) Pages 2149-2150: This document is being withheld in its entirety. This is a signed memorandum, dated June 9, 1972, from James Dring, Director,

39

1   Legislation and Regulations Division to John Chapoton, Tax Legislative Counsel,

2   concerning the proper interpretation of a definition pertinent to industrial

3   development bonds.  The document references a certain governmental entity

4   and provides opinions and analysis as to whether such an entity would be

5   entitled to exempt tax status with respect to the issuance of industrial

6   development bonds.

7

8       (aaa)  Pages 2152-2156:  This document is being withheld in its entirety.

9   This is an undated, unsigned (no author or intended recipient is identified) draft

10  memorandum concerning the proper tax treatment of industrial development

11  bonds when issued by non-specific governmental entities.  This document

12  contains the author's analysis and opinions as to whether such transactions

13  would enjoy tax exempt status.

14

15      (bbb)  Page 2157-2159:  Portions of this document have been withheld.

16  Some of the withheld portions consist of discussions as to the proper tax

17  treatment of certain transactions entered into by a taxpayer who had come to the

18  IRS requesting a PLR and how the author perceives that the proposed regulation

19  should be interpreted with respect to the issue presented.

20

21      (ccc)  Page 2160:  This document has been withheld in its entirety.  This

22  is an unsigned memorandum dated January 18, 1972, from Mr. Ritter to Mr.

23  Chapoton concerning a ruling that has been requested by a third party taxpayer

24  and providing preliminary conclusions reached in the draft response to the

25  request and asking that Mr. Chapoton's office weigh in on their views as to the

26  proper response to the request.

27

28                                    40