**EXHIBIT 3, Part 3**

1    (ddd)  Page 2162:  Portions of this document have been withheld.  The

2  withheld portions consist of the author's opinion that the draft proposed

3  regulation should be redrafted in a specific way to allow for the application of

4  certain rules with respect to certain types of transactions that are affected by the

5  proposed regulation.

6    (eee)  Pages 2163-2172:  This document is being withheld in its entirety.

7  This is a memorandum to files dated April 7, 1971 authored by Arthur Schwartz

8  concerning a meeting attended by representatives from IRS and Treasury at

9  which several transactions engaged in by third party taxpayers was discussed

10  and preliminary decisions were made as to the proper tax treatment of each

11  transaction.

12

13    (fff)  Pages 2310:  Portions of this document have been withheld.  The

14  withheld portions consist of a discussion of specific changes that have been

15  made to the draft proposed regulation with respect to certain types of

16  transactions that are affected by the draft regulation.

17

18    (ggg)  Pages 2311-2312:  Portions of this document have been withheld.

19  The withheld portions consist of a discussion of proposed changes to the draft

20  proposed regulation and a discussion as to why such changes are believed

21  necessary and the possible impact such changes may have on specific types of

22  transactions and specific taxpayers.

23

24    (hhh)  Pages 2315-2317:  This document is being withheld in its entirety.

25  This is a memorandum dated May 21, 1970 from the Tax Legislative Counsel to

26  the Chief Counsel providing details as to how outside bond counsel are

27

28                                           41

1    interpreting certain provisions of the regulations under section 103 and alerting

2    the Chief Counsel as to the impact such interpretations could have in on-going

3    tax matters.

4         (iii)  Page 2329:  Portions of this page have been withheld.  The withheld

5    portions consist of a discussion of proposed specific changes to the draft

6    regulation in light of proposals made to the IRS by the Joint Committee on

7    Taxation.

8

9         (jjj)  Pages 2337-2338:  This document is being withheld in its entirety.

10   This is a signed memorandum dated January 6, 1970 from the Chief Counsel to

11   James Dring, Legislation and Regulations Division, concerning the proper

12   definition of certain types of facilities at issue in regulations promulgated with

13   respect to industrial revenue bonds relaying the Chief Counsel's understanding

14   as to what such definition should entail so that the Legislation and Regulations

15   Division could take this into consideration as they were drafting the regulations.

16

17                          <u>EXEMPTION (b)(6)</u>

18        20.  FOIA subsection (b)(6) permits an agency to withhold all information

19   about individuals in "personnel and medical and similar files" where the

20   disclosure of such information "would constitute a clearly unwarranted invasion

21   of personal privacy."  In this case, the information being withheld under

22   exemption (b)(6), consists of information which would identify an individual

23   taxpayer who had contacted a Congressional representative with specific

24   concerns about issues related to industrial development bonds.  Accordingly,

25   since this information is of a personal nature, this information meets the

26

27

28                               42

threshold requirement of subsection (b)(6).   Further, such information has little

or no public interest and, if released, would violate a viable privacy interest of the

individual subject of the information.

21.  The following documents have been withheld, either in full or in part,

pursuant to FOIA exemption 6.

(a).  Pages 1221-1223:  Portions of these pages have been withheld in

part pursuant to Exemption 6.  The withheld portions consist of identifying

information of a third party who contacted a Congressional representative

concerning issues presented by industrial development bonds.

(b)  Pages 1443-1444:  This document is being withheld in its entirety.

This is a letter from a third party to a member of Congress and relays to the

Congressman the third party's concerns with the proposed regulations on

industrial development bonds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May  9_____, 2006.


DEBORAH LAMBERT-DEAN
Office of Chief Counsel
(Disclosure & Privacy Law)
Internal Revenue Service
Washington, D.C.  20224

43

Barbara T. Kaplan
Tel. (212) 801-9250
Fax (212) 801-6400
kaplanb@gtlaw.com

August 25, 2005

**VIA CERTIFIED MAIL**

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, N.W.
Washington, D.C. 20224

Re:     Freedom of Information Act Request

Dear Sir or Madam:

Under the provisions of the Freedom of Information Act, 5 U.S.C. § 552 and the regulations thereunder, I request copies of any and all documents, reports, records, memoranda, correspondence, notes, research, or other written or electronic materials, including public comments and hearing transcripts, that pertain to or were considered, reviewed, or referred to by Internal Revenue Service or Treasury Department personnel in connection with the promulgation, and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199 (copy attached).

For purposes of responding to this request, the term "document" or "record" includes, without limitation, memoranda, agreements, papers, correspondence, notes, studies, graphs, diagrams, photographs, charts, projections, tabulations, analyses, questionnaires and responses, work papers, summaries, data sheets, reports, statistical or informational accumulations, data processing cards or worksheets, computer stored and generated documents, computer databases, computer disks and formats, machine readable electronic files or records maintained on a computer, telexes, telegrams, electronic mail (commonly referred to as "e-mail"), and similar or related documents and materials.

Please send copies of these records to Barbara T. Kaplan, Esq., Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166. I agree to pay any search, duplicating and review fees.

Should you determine that any portion of the records or information I request is exempt, please supply me with a copy of the portion considered nonexempt. If all of any

Ex. A.

Internal Revenue Service
August 25, 2005
Page 2

part of this request is denied, please notify me of the specific exemption(s) you think justifies
your refusal to release the information.

    If you have any questions, please contact me at 212-801-9250. Thank you in advance
for your assistance.

                Sincerely,


                Barbara T. Kaplan



Enclosure

**Federal Regulations**

# Reg § 1.103-8. Interest on bonds to finance certain exempt facilities.

**Caution:** Reg. §1.103-8, following, was issued under Code section 103 before the related provisions of that Code section were deleted by P.L. 99-514 (10/22/86). Provisions similar to, but not necessarily identical to, the provisions deleted from Code section 103 now appear in Code section 142.

**Caution:** The Treasury has not yet amended Reg § 1.103-8 to reflect changes made by P.L. 107-16

**\*\*\***

### (f) Certain public utility facilities.

#### (1) General rule.

(I) Section 103(b)(4)(E) provides that section 103(b)(1) shall not apply to obligations issued by a State or local governmental unit which are part of an issue substantially all of the proceeds of which are to be used to provide sewage disposal facilities, solid waste disposal facilities, or facilities for the local furnishing of electric energy or gas. In order to qualify under section 103(b)(4)(E) as an exempt facility, the facility must satisfy the public use requirement of paragraph (a)(2) of this section. A public utility facility described in this subparagraph (with the exception of sewage and solid waste disposal facilities which will be treated in all events as serving the general public) will satisfy the public use requirement only if such facility, or the output thereof, is available for use by members of the general public.

(II) A facility for the local furnishing of electric energy or gas is, for purposes of applying the public use test in paragraph (a)(2) of this section, available for use by members of the general public if (a) the owner or operator of the facility is obligated, by a legislative enactment, local ordinance, regulation, or the equivalent thereof, to furnish electric energy or gas to all persons who desire such services and who are within the service area of the owner or operator of such facility, and (b) it is reasonably expected that such facility will serve or be available to a large segment of the general public in such service area. For rules with respect to facilities for the furnishing of water, see paragraph (h) of this section.

#### (2) Definitions. For purposes of section 103(b)(4)(E) and this paragraph—

(I) The term "sewage disposal facilities" means any property used for the collection, storage, treatment, utilization, processing, or final disposal of sewage.

(ii)

(a) The term "solid waste disposal facilities" means any property or portion thereof used for the collection, storage, treatment, utilization, processing, or final disposal of solid waste. Only expenditures for that portion of property which is a solid waste disposal facility qualify as expenditures for solid waste disposal facilities. The fact that a facility which otherwise qualifies as a solid waste disposal facility operates at a profit will not, of itself, disqualify the facility as an exempt facility. However, whether a collection or storage facility qualifies as a solid waste disposal facility depends upon all of the facts and circumstances. Thus, land and facilities for the collection of materials to form a slag heap which is not preliminary to the recycling or other final disposal of such materials within a reasonable period of time will not qualify. The term does not include facilities for collection, storage, or disposal of liquid or gaseous waste except where such facilities are facilities which, under paragraph (a)(3) of this section, are functionally related and subordinate to a solid waste disposal facility.

(b) The term "solid waste" shall have the same meaning as in section 203(4) of the Solid Waste Disposal Act (42 U.S.C. 3252(4)), except that for purposes of this paragraph, material will not qualify as solid waste unless, on the date of issue of the obligations issued to provide the facility to dispose of such waste material, it is property which is useless, unused, unwanted, or discarded solid material, which has no market or other value at the place where it is located. Thus, where any person is willing to purchase such property, at any price, such material is not waste. Where any person is willing to remove such property at his own expense but is not willing to purchase such property at any price, such material is waste. Section 203(4) of the Solid Waste Disposal Act provides that:

(4) The term "solid waste" means garbage, refuge, and other discarded solid materials, including solid-waste materials resulting from industrial, commercial, and agricultural operations, and from community activities, but does not include solids or dissolved material in domestic sewage or other significant pollutants in water resources, such as silt, dissolved or suspended solids in industrial waste water effluents, dissolved materials in irrigation return flows or other common water pollutants.

(c) A facility which disposes of solid waste by reconstituting, converting, or otherwise recycling it into material which is not waste shall also qualify as a solid waste disposal facility if solid waste (within the meaning of (b) of this subdivision (ii)) constitutes at least 65 percent, by weight or volume, of the total materials introduced into the recycling process. Such a recycling facility shall not fall

to qualify as a solid waste disposal facility solely because it operates at a profit.

(d) For rules relating to property which has both a solid waste disposal function and a function other than the disposal of solid waste, see §17.1 of this chapter.

(III) The term "facilities for the local furnishing of electric energy or gas" means property which—

(a) Is either property of a character subject to the allowance for depreciation provided in section 167 or land,

(b) Is used to produce, collect, generate, transmit, store, distribute, or convey electric energy or gas.

(c) Is used in the trade or business of furnishing electric energy or gas, and

(d) Is a part of a system providing service to the general populace of one or more communities or municipalities, but in no event more than 2 contiguous counties (or a political equivalent) whether or not such counties are located in one State.

For purposes of this subdivision, a city which is not within, or does not consist of, one or more counties (or a political equivalent) shall be treated as a county (or a political equivalent). A facility for the generation of electric energy otherwise qualifying under this subdivision will not be disqualified because it is connected to a system for interconnection with other public utility systems for the emergency transfer of electric energy.

The facilities need not be located in the area served by them. Also, the term "facilities for the local furnishing of electric energy or gas" does not include coal, oil, gas, nuclear cores, or other materials performing a similar function.

***

T.D. 7199, 7/31/72 , amend T.D. 7362, 6/17/75 , T.D. 7511, 9/30/77 , T.D. 7737, 11/14/80 , T.D. 7840, 10/12/82 , T.D. 7848, 11/10/82 , T.D. 7869, 1/12/83 , T.D. 8476, 6/14/93 , T.D. 8538, 5/5/94 , T.D. 8718, 5/8/97 .

Document Title: Reg §1.103-8 Interest on bonds to finance certain exempt facilities.
Checkpoint Source: Final, Temporary & Proposed Regulations

© Copyright 2005 RIA. All rights reserved.



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

RECEIVED
CHIEF COUNSEL



SMALL BUSINESS/SELF-EMPLOYED DIVISION        September 20, 2005

2005 SEP 27  PM II: 01

MEMORANDUM FOR Chief Disclosure Unit    CC:PA:LPD:DLS:DU
ATTN:  Gerald C. Anderson                          CC:PA:LPD:DLS

FROM:                    Joan D. McClean    SE:S:CLD:GLD:D3
                         Disclosure Officer D3

SUBJECT:                 Freedom of Information (FOIA) Request of Barbara T. Kaplan
                         Control Number 52-2005-00819

Please acknowledge receipt of this request and search all paper or electronic systems to
identify and locate records responsive to the above identified request (copy of request is
attached).

Please provide any records found to be responsive to this request, <u>in duplicate,</u> with your
recommendation for releasing or withholding any records within ten business days of
receipt of this request.  If we do not concur with your recommendation, we will contact
you to resolve any differences before responding to the requestor.  If you are unable to
respond within ten business days, please advise us in writing and provide us with your
anticipated date for responding to this request.

Generally, the records sought are located, created or generated at the Headquarters Office
level, including Chief Counsel, to include off-site Industry Directors for Large and Mid-
Size Business (LMSB) Division and Directors for Small Business/Self-Employed (SB/SE
Division. An agency's obligation under the FOIA is to conduct searches that are
reasonably calculated to locate responsive records.  In addition to searching for these
files that contain responsive records, you should also request that employees of those
offices search their work stations for e-mail and other materials they store electronically.
We have sent search memoranda to:  [List them]  If you are aware of any other offices
that may have responsive information, please advise us within five business days so that
we may send search memoranda to those offices, too.

We ask that you complete items 3 through 12 on the attached search efforts questionnaire
and include it with your responsive records.  Even if there are no responsive records, the
questionnaire should be completed to establish the extent and nature of the search
conducted in your function.  The 1996 amendments to the Freedom of Information Act
provide that records must be provided in any form or format requested including
electronically, if the records are readily reproducible in that format.

For additional assistance, contact FOIA Tax Law Specialist, Regenia Rascoe at (202)
622-3662.

Attachments (2) – FOIA Request

Ex. B



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Barbara T. Kaplan
Greenberg & Traurig
Met Life Blding.
200 Park Avenue
New York, NY   10166

**Person to Contact:**
Ms. Rascoe
**Telephone Number:**
(202) 622-3662
**Refer Reply to:**
SE:S:CLD:GLD:D3:/2005-00819
**Date:  September 21, 2005**

Dear Ms. Kaplan:

We must ask for additional time to locate and consider releasing the Internal
Revenue Service records covered in your Freedom of Information Act (FOIA)
request dated August 22, 2005, received in our office on September 2, 2005.
We will try to respond within 60 days from the date of this letter. We are sorry for
any inconvenience the delay may cause.

**IF YOU AGREE TO THIS VOLUNTARY EXTENSION**
If you agree too this extension of time, no reply to this letter is necessary. You
will still have the right to file an appeal if we subsequently deny any request. You
may wish to consider limiting the scope of your request so that we can process it
more quickly. If you want to limit your request, please contact the person whose
name and telephone number are shown above.

**IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION**
If you do not agree to this extension and do not want to modify the scope of your
request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i). You may not appeal this
letter. See revised FOIA regulations, at 31 C.F.R. 1.5(j) and 65 FEDERAL
REGISTER 40504-4016 (June 30, 2000).

To file suit you must petition the U.S. District Court in the district in which you live
or work, or where the records are located, or in the District Columbia, to obtain a
response to your request. Your petition will be treated according to the Federal
Rules of Civil Procedure which apply to actions against any agency of the United
States. These procedures require that the IRS be notified of the pending suit,
through service of process, which should be directed:

Commissioner of Internal Revenue
Attention:  CC:PA:DPL
1111 Constitution Avenue, NW
Washington, DC  20224

Ex. C

Ms. Kaplan
Page 2.

If the court concludes you have unreasonably refused to limit your request or to accept the alternate timeframe for response, it may find that our failure to meet the statutory time frames in the FOIA is justified.  See 5 U.S.C. 552(a)(6)(C)(iii).

We hope you will agree to allow us more time to process your request.   If you wish to contact us, please call the person whose name and telephone number are shown above.

We will try to make our determination and provide the appropriate responsive information to you as quickly as possible.

Sincerely,

*Symeria R. Rascoe*

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office D3 - FOIA
Badge #50-05919

**Pinkney Marietta M**

| | |
|---|---|
| **From:** | White David |
| **Sent:** | Tuesday, November 01, 2005 9:54 AM |
| **To:** | Pinkney Marietta M |
| **Subject:** | RE: TD 7199 |

I found them and will return them to the Records Unit this morning. Thanks.

-----Original Message-----

| | |
|---|---|
| **From:** | Pinkney Marietta M |
| **Sent:** | Monday, October 31, 2005 4:16 PM |
| **To:** | White David |
| **Cc:** | Anderson Gerald C |
| **Subject:** | TD 7199 |

The above mentioned file was requested by our office form the Records Unit on July 5, 2005 we have be informed that the record was charge to you  and has not been returned.  If you have finished with this file would you return it to the Records Unit which is in room 5336 at your earliest convenience.

Thank you

*Marietta M. Pinkney*
*CC:PA:LPD:DLS*
*Room 2613*
*202-622-7171*

1

Ex. D



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION      November 28, 2005

MEMORANUDUM FOR Chief, Disclosure Unit    CC:PA:LPD:DLS:DU
ATTN:  Gerald C. Anderson

FROM:            Joan D. McClean       SE:S:CLD:GLD:D3
                 Disclosure Office 3

SUBJECT:         Freedom of Information (FOIA) Request of Barbara T. Kaplan
                 Control Number 03-2006-00207

Please acknowledge receipt of this request and search all paper or electronic systems to
identify and locate records responsive to the above identified request (copy of request is
attached).

Please provide any records found to be responsive to this request, in duplicate, with your
recommendation for releasing or withholding any records within ten business days of
receipt of this request.  If we do not concur with your recommendation, we will contact
you to resolve any differences before responding to the requestor.  If you are unable to
respond within ten business days, please advise us in writing and provide us with your
anticipated date for responding to this request.

Generally, the records sought are located, created or generated at the Headquarters Office
level, including Chief Counsel, to include off-site Industry Directors for Large and Mid-
Size Business (LMSB) Division and Directors for Small Business/Self-Employed (SB/SE
Division. An agency's obligation under the FOIA is to conduct searches that are
reasonably calculated to locate responsive records.  In addition to searching for these
files that contain responsive records, you should also request that employees of those
offices search their work stations for e-mail and other materials they store electronically.
We have sent search memoranda to:  [List them]  If you are aware of any other offices
that may have responsive information, please advise us within five business days so that
we may send search memoranda to those offices, too.

We ask that you complete items 3 through 12 on the attached search efforts questionnaire
and include it with your responsive records.  Even if there are no responsive records, the
questionnaire should be completed to establish the extent and nature of the search
conducted in your function.  The 1996 amendments to the Freedom of Information Act
provide that records must be provided in any form or format requested including
electronically, if the records are readily reproducible in that format.

For additional assistance, contact FOIA Tax Law Specialist, Regenia Rascoe at (202)
622-3662.

Attachments (2) – FOIA Request

EX. E



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Babara T. Kaplan
Greenberg Traurig, LLP
MetLife Buidling
200 Park Avenue
New York, NY   10166

**Person to Contact:**
Ms. Rascoe
**Telephone Number:**
(202) 622-3662
**Refer Reply to:**
SE:S:CLD:GLD:D3:/2006-00207
**Date: November 28, 2005**

Dear Ms. Kaplan:

We must ask for additional time to locate and consider releasing the Internal
Revenue Service records covered in your Freedom of Information Act (FOIA)
request dated August 25, 2005, received in our office on November 4, 2005.  We
will try to respond within 60 days from the date of this letter. We are sorry for any
inconvenience the delay may cause.

**IF YOU AGREE TO THIS VOLUNTARY EXTENSION**
If you agree too this extension of time, no reply to this letter is necessary.  You
will still have the right to file an appeal if we subsequently deny any request.  You
may wish to consider limiting the scope of your request so that we can process it
more quickly.  If you want to limit your request, please contact the person whose
name and telephone number are shown above.

**IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION**
If you do not agree to this extension and do not want to modify the scope of your
request, you may file suit.  See 5 U.S.C. 552(a)(6)(C)(i).  You may not appeal this
letter.  See revised FOIA regulations, at 31 C.F.R. 1.5(j) and 65 FEDERAL
REGISTER 40504-4016 (June 30, 2000).

To file suit you must petition the U.S. District Court in the district in which you live
or work, or where the records are located, or in the District Columbia, to obtain a
response to your request.  Your petition will be treated according to the Federal
Rules of Civil Procedure which apply to actions against any agency of the United
States.  These procedures require that the IRS be notified of the pending suit,
through service of process, which should be directed:

Commissioner of Internal Revenue
Attention:  CC:PA:DPL
1111 Constitution Avenue, NW
Washington, DC  20224

Ex. F

Ms. Kaplan
Page 2.

If the court concludes you have unreasonably refused to limit your request or to accept the alternate timeframe for response, it may find that our failure to meet the statutory time frames in the FOIA is justified. See 5 U.S.C. 552(a)(6)(C)(iii).

We hope you will agree to allow us more time to process your request. If you wish to contact us, please call the person whose name and telephone number are shown above.

We will try to make our determination and provide the appropriate responsive information to you as quickly as possible.

Sincerely,

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office D3 - FOIA
Badge # 50-05919



# Internal Revenue Service
## United States Department of the Treasury

**Part 30. Administrative**
**Chapter 9. File Management**
**Section 2. Guidelines for Specific Categories of Case Files**

---

### 30.9.2 Guidelines for Specific Categories of Case Files

- 30.9.2.1   Published Guidance
- 30.9.2.2   Advanced Case Resolution
- 30.9.2.3   Treaties, Legislation, Congressional, and Executive Correspondence
- 30.9.2.4   Legal Advice
- 30.9.2.5   Tax Court Files
- 30.9.2.6   District Court United States/Court of Federal Claims/State Court Cases
- 30.9.2.7   Criminal Tax
- 30.9.2.8   General Legal Services Files
- Exhibit 30.9.2-1   Form 9718, Case History

**30.9.2.1 (07-21-2005)**
**Published Guidance**

1. This subsection provides guidelines for establishing and maintaining files related to regulations, revenue rulings, revenue procedures, action on decisions, and other types of published guidance.

**30.9.2.1.1 (07-21-2005)**
**Regulations**

1. Open a regulation project only with approval from an Assistant or Associate Chief Counsel and, if it will appear on the Guidance Priority List, the Treasury Department. Depending on the procedures adopted by each Assistant or Associate office, front office or branch personnel may open a regulation project on TECHMIS.

2. To open a regulation project, enter the TECHMIS "Add Case " screen and complete the required fields: category: PUBGUID, subcategory REG. In some circumstances, Counsel may decide to open the project using subcategory "PGP." TECHMIS generates a project number (CASE ID) that begins with "REG" (or "PGP" , if applicable). Use only this CASE ID for all phases of the regulation process, from drafting the ANPRM/NPRM to publishing the final regulation.

3. Section 7805(e) requires the Service to issue a cross-referencing NPRM when it issues temporary regulations. Open only one regulation project for temporary regulations with a cross-referencing NPRM. When the Service publishes the temporary regulations and cross referencing NPRM, update TECHMIS with status code 715 - TEMP/XREF Published. The CASE ID remains open until the Service publishes the NPRM as a final regulation or withdraws it and removes the temporary regulation.

4. Occasionally, Counsel and Treasury will decide to issue several final regulations with respect to one NPRM. The first final regulation project retains the original CASE ID. After publishing the first final regulation, close that CASE ID. Open a new CASE ID for each subsequent final regulation project. In the TECHMIS remarks screen for each subsequent final regulation project, note the name and original CASE ID of the underlying NPRM and all related final regulations. Also enter this information in the remarks screen for the first final regulation.

5. After opening the regulation project on TECHMIS, the drafting attorney creates a legal file maintains the legal file, is responsible for its contents, and retains it until the project is closed.

Exhibit G
4/19/2006

6.  Punch holes at the top of the back cover of the legal file and all papers to be included in it. The first item in the file will be a copy of the TECHMIS control screen. Secure the papers with file fasteners. Label the file with the project title and CASE ID.

7.  The legal file contains all documents germane to the publication of the regulation and, in accordance with Form 9506,Treasury Decision File Closing Information Sheet and Assembly Checklist , organized by subject files using Form 7881, Chief Counsel's File. (Do not include duplicate material, any readily available printed matter [e.g., statutes and the associated legislative history, court decisions], or scraps, blank sheets, etc. that do not contain substantive information). The attorney establishing the file and the reviewing attorney sign and date Form 9506.

8.  The subject files and materials to be included are:

    •   *Published Regulations and Notices*— all initialed and certified copies of the regulation

    •   *Unmarked drafts* — a clean copy of each draft and related buckslips and distribution memoranda

    •   *Service and Treasury mark-ups* — pertinent pages of mark-ups and related buckslips and distribution memoranda

    •   *Briefing Memos* — internal memoranda prepared for briefings

    •   *Service and Treasury Memos* — transmittal and policy memos and internal comments

    •   *Conference and Briefing Reports* — summaries of conferences and briefing sessions

    •   *Public Comments*— public comments, including summaries of these comments and documents related to the public hearing

    •   *Administrative Memos* — regulations subsystem form and regulations development checklist (if completed), Small Business Administration documents, 7-point memo material, closing memo (if prepared), plain language summaries, and material prepared pursuant to the Paperwork Reduction Act and Small Business Regulatory Fairness Enforcement Act

9.  Place handwritten notes and email communications in the appropriate subject matter file, in reverse chronological order.

10. Attach a copy of the Federal Register reprint to the cover of the legal file.

11. A regulations project is complete when the Service publishes an NPRM as a final regulation, withdraws a published NPRM without publishing final regulations, or decides not to publish a regulation. If the Service published a temporary regulation with a cross-referencing NPRM, the project is complete when the Service removes the temporary regulation and publishes the NPRM as a final regulation or withdraws the NPRM.

12. If the IRS publishes a final regulation, close the final regulation project on TECHMIS using status code 951 (closed - publication). If the IRS withdraws an NPRM and does not publish final regulations, use status code 960 (closed - withdrawn). If the IRS decides not to publish a regulation, use status code 952 (closed - non-publication). Refer to the TECHMIS handbook for additional status codes (closed - other, closed - transferred out, closed - opened in error), not described above.

13. All regulations projects close with classification code J (Regulation & Legislation Projects).

14. When the legal file for a TD (final and temporary regulations) is complete, label it with the TD number and submit it to the Docket, Records and User Fee Branch for storage.

15. The drafting attorney retains the NPRM file after the document is published as reference for (and to be included in the legal file for) the final regulations.