**EXHIBIT 7**

# Greenberg Traurig

David P. Callet
Tel. 202.331.3144
Fax 202.331.3101
calletd@gtlaw.com

May 19, 2006

**VIA E-MAIL AND U.S. MAIL**

David M. Katinsky
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
(202) 307-6435

    Re:   **Georgia-Pacific Corp. v. Internal Revenue Service,
Civ. No. 05-02431 (RBW) (D. D.C.)**

Dear David:

    Pursuant to the Court's scheduling order of May 9, 2006, Georgia-Pacific through this letter provides notice to the Internal Revenue Service that it intends to contest both the IRS's Freedom of Information Act (FOIA) search and several withheld-in-full documents identified in the May 9, 2006 Declaration of Deborah Lambert-Dean.

    On June 5, 1971 a proposed regulation defining solid waste disposal facilities was published by the US Treasury Department. Thereafter, a public hearing respecting the proposed regulation was held. Without any further notice, on July 5, 1972 the U.S. Treasury Department issued the final regulation defining solid waste disposal facilities, which substantially modified the definition contained in the proposed regulation. None of the documents produced in response to Georgia-Pacific's FOIA requests or listed on the Declaration appear to address the fact of or reason for the substantial modification. Based solely upon this omission, we must question the adequacy of the search performed by the IRS; although possible, it seems high improbable, that so significant a modification would not have been discussed in some internal documentation. Georgia-Pacific therefore intends to challenge IRS's search in its cross-motion for summary judgment.

    In addition, IRS has mistakenly asserted the deliberative process privilege (as codified by FOIA Exemption 5, 5 U.S.C. § 552(b)(5)), with respect to a number of withheld-in-full documents. In particular, Georgia-Pacific plans to challenge the following:

- Pages 1230-1234 (found at Declaration pp. 35-6, subsection (ll)): a memorandum dated January 2, 1969 from Mr. McDaniel to a government employee Mr. Surrey

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

www.gtlaw.com

David M. Katinsky
May 19, 2006
Page 2

_____

consisting of an assessment of the intended purpose of the proposed regulation being drafted under section 103 and containing a summary of the principal issues encountered during the formulation of the proposed regulation as well as the IRS's intended response to these issues.

- Pages 2152-2156 (found at Declaration p. 40, subsection (aaa)): an undated, unsigned draft memorandum concerning the proper tax treatment of industrial development bonds when issued by non-specific entities.

- Pages 883-1015 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1028-1042 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1332-1333 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1378-1440 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 2080-2148 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

I am happy to discuss the IRS's search or any of the contested documents with you in an effort to resolve this matter without the Court's involvement. However, if we cannot find an acceptable solution, Georgia-Pacific intends to challenge the search and each of the documents listed above in its cross-motion for summary judgment. Please contact me with any questions.

Sincerely,

David P. Callet/RE
David P. Callet