IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGIA-PACIFIC CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV02431 (RBW) |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

INTERNAL REVENUE SERVICE'S STATEMENT OF MATERIAL
FACTS NOT IN GENUINE DISPUTE

Pursuant to L.Civ.R. 7.1(h) and 56.1, the Internal Revenue Service asserts that the following facts are not in genuine dispute:

1. On August 25, 2005, plaintiff submitted a FOIA request that sought

> Copies of any and all documents, reports, records, memoranda, correspondence, notes, research, or other written or electronic materials, including public comments and hearing transcripts, that pertain to or were considered, reviewed, or referred to by Internal Revenue Service or Treasury Department personnel in connection with the promulgation, and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199.

(A copy of this request is attached as Exhibit A to the Declaration of Deborah Lambert-Dean).

2. The Office of Governmental Liaison and Disclosure (GLD) in IRS National Office (Washington, D.C.) is responsible for processing all FOIA requests made for documents located in the National Office. By memorandum dated September 20, 2005, GLD initiated a search for responsive documents by forwarding a copy of plaintiff's request to the Legal Processing Division [LPD] within the Office of Associate Chief

Counsel, Procedure & Administration, the function responsible for maintaining files for finalized published guidance, such as T.D. 7199. (A copy of this search request is attached as Exhibit B to the Lambert-Dean declaration.) (Lambert-Dean Dec., ¶ 6, Ex. B.)

    3. By letter dated September 21, 2005, GLD asked plaintiff for a voluntary extension of time to respond to their FOIA request, seeking an additional 60 days. (A copy of this letter is attached as Exhibit C to the Lambert-Dean declaration). (Lambert-Dean Dec., ¶ 7, Ex. C.)

    4. LPD initiated a search for responsive documents and determined that the files associated with T.D. 7199 had been provided to an attorney in the Office of Chief Counsel, Tax Exempt and Government Entities (TEGE) in July 2005 and had not been returned to LPD by that attorney. (Lambert-Dean Dec., ¶ 8.)

    5. In an electronic mail transmission dated October 31, 2005, LDP asked the attorney who had these files to return them to LPD. By electronic mail dated November 1, 2005, the attorney replied, agreeing to do so. (Lambert-Dean Dec., ¶ 8, Ex. D.)

    6. Because LPD had not yet provided GLD with a response to its request for documents associated with T.D. 7199, by memorandum dated November 28, 2005, GLD once again asked LPD to search for responsive documents. (Lambert-Dean Dec., ¶ 9, Ex. E.)

    7. Also by letter dated November 28, 2005, GLD once again asked plaintiff for a voluntary extension of 60 days to respond to plaintiff's request. (Lambert-Dean Dec., ¶ 10, Ex. F.)

8. The defendant did not make a substantive response to plaintiff's request and plaintiff did not file an administrative appeal under the FOIA prior to the instigation of this litigation on December 20, 2005. (Lambert-Dean Dec., ¶ 11.)

9. The case was assigned at the Internal Revenue Service to Deborah Lambert-Dean of the Office of Chief Counsel (Disclosure & Privacy Law)(hereafter "DPL") for purposes of responding to the FOIA request and assisting the Department of Justice in the litigation. (Lambert-Dean Dec., ¶ 12.)

10. Because Lambert-Dean was absent from the office from before December 20, 2005 until January 3, 2006, her manager Gerald R. Ryan, Senior Technician Reviewer, Branch 2, DPL, initiated the search for both the administrative FOIA request file and for the documents responsive to the FOIA request. Those documents referenced above as Exhibits A-F were obtained from the administrative FOIA request file maintained with GLD. The responsive documents to the FOIA request were provided to DPL by LPD's Docket, Record's and User Fees Branch. (Lambert-Dean Dec., ¶12.)

11. The assembly and storage of files such as the file for T.D. 7199 at issue here, is governed by guidelines set forth in the Internal Revenue Manual [IRM]. The IRM specifies that the attorney assigned to a regulation project is to create a legal file that the attorney is responsible for maintaining until the file is closed. The legal file is to contain all documents germane to the publication of the regulation, including published regulations and notices, unmarked drafts, drafts that have been marked-up by the IRS and/or the Department of Treasury along with related buckslips and distribution

memoranda, briefing memoranda, IRS and Treasury memoranda (designated as transmittal, policy memoranda and internal comments), conference and briefing reports (designated as summaries of conferences and briefing sessions), public comments (including summaries of these comments and documents related to public hearings), administrative memoranda, handwritten notes, email communications and, after a regulation has been published, a copy of the *Federal Register* reprint. When a regulation is published and the assembly of the legal file for the T.D. is complete, the file is to be labeled with the T.D. number and submitted to the Docket, Records and User Fee Branch in LPD for storage. See IRM at 30.9.2.1.1 (7-21-2005). **(Lambert-Dean Dec., ¶ 13, Ex. G.)**

12. LPD is the Branch that Ryan contacted in late December 2005, and LPD is the Branch that provided DPL with the complete file for T.D. 7199. (Lambert-Dean Dec., ¶ 13.)

## PROCESSING THE T.D. 7199 DOCUMENTS

13. The documents responsive to plaintiff's request total 3,656 pages. Lambert-Dean reviewed these documents and, in conjunction with her Branch Chief, Donald M. Squires, made determinations with regard to the assertion of applicable FOIA exemptions. On April 4, 2006, based on this review, DPL provided the Department of Justice with 2,918 pages to be released to plaintiff in full and 125 pages to be released to plaintiff in part. (Lambert-Dean Dec., ¶ 14.)

14. Pursuant to plaintiff's request, Lambert-Dean reviewed the withheld

documents to determine which documents specifically referenced "solid-waste." On May 16, 2006, a list of these documents was sent to plaintiff by electronic mail. (A copy of this electronic mail transmission is attached as Exhibit 1 to this Statement of Material Facts.)

15. By letter dated May 19, 2006, plaintiff indicated that it intended to challenge the adequacy of the search. Additionally, the letter set forth the specific documents that plaintiff intended to challenge (the "Contested Documents") in its cross-motion for summary judgment. (A copy of letter is attached as Exhibit 2 to this Statement of Material Facts.)

## EXEMPTION (b)(5)

16. The Government is withholding certain information contained in the Contested Documents, which are otherwise responsive to plaintiff's FOIA request, pursuant to subsection (b)(5) of the FOIA. FOIA subsection (b) (5) exempts from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." This exemption has been construed to encompass the attorney-client privilege, the work product doctrine, and the deliberative process privilege. (Lambert-Dean Dec., ¶ 17.)

## THE DELIBERATIVE PROCESS PRIVILEGE

17. Certain of the information contained in the Contested Documents being withheld pursuant to FOIA exemption (b)(5) falls within the deliberative process privilege. The Government is withholding drafts of documents and other records

containing advisory opinions and recommendations generated during the course of Chief Counsel attorneys' review and consideration of legal guidance in conjunction with agency positions vis-à-vis guidance associated with 1.103-8(f), T.D. 7199. Furthermore, to the extent other documents reflect the opinions or recommendations of agency personnel involved in the drafting and review of such guidance, that information is also subject to the protections of the deliberative process privilege. (Lambert-Dean Dec., ¶ 18.)

18. All of the records being withheld pursuant to the deliberative process privilege are predecisional. These documents were prepared by components within the agency, primarily within Chief Counsel, to assist executives within the agency and at Treasury that issue regulations before reaching final decisions on how certain issues would be treated in the guidance that culminated in this regulation. (Lambert-Dean Dec., ¶ 18.)

19. The withheld information is also deliberative as it contains opinions and/or recommendations reflecting "the give-and-take" of the agency's deliberative processes leading to the issuance of guidance on industrial development bonds. The disclosure of these documents would expose the decision making processes of the agency, including the Office of Chief Counsel, in such a way as to discourage candid discussion within the agency and undermine its ability to perform its tax administration function. Further, with respect to the final decisions that were made by various executives within the agency regarding the positions that should be

taken with respect to industrial development bonds, final decisionmakers did not adopt or incorporate the deliberations contained in these withheld documents by reference. Further, to the extent any factual information was so inextricably connected to the deliberative material that its disclosure would cause harm to the agency's deliberations, the information was withheld. Also, when documents contained selective facts upon which analysis, opinions and recommendations were made, such that they too, reflect agency deliberations, those facts were also withheld. Finally, the records withheld under FOIA exemption (b)(5) and the deliberative process privilege in the instant litigation were not disclosed outside the agency or the Department of Treasury. (Lambert-Dean Dec., ¶ 18.)

20. The following are the Contested Documents that have been withheld, either in full or in part, pursuant to Exemption (b)(5) and the deliberative process privilege:

(a) Pages 883-1015, 1028-1042, 1332-1333, 1378-1440, 2080-2148: These documents have been withheld in their entirety. These documents consist in their entirety of drafts, or portions of drafts, of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code. (Lambert-Dean Dec., ¶ 19(f).)

(b) Pages 1230-1234: This document is being withheld in its entirety. This is a memorandum, dated January 2, 1969, from Mr. McDaniel to government employee Mr. Surrey consisting of an assessment of the intended purpose of the

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's Statement of Material Facts has been made this 16th day of June, 2006, by mailing, postage prepaid, addressed to:

> David P. Callet, Esq.
> Greenberg Traurig LLP
> 800 Connecticut Avenue, NW
> Suite 500
> Washington, D.C. 20006

　　　　　　　　　　　　　　　　　　/s/ Brittney N. Campbell
　　　　　　　　　　　　　　　　　　BRITTNEY N. CAMPBELL

proposed regulation being drafted under section 103 and containing a summary of the principal issues encountered during the formulation of the proposed regulation as well as the IRS's intended response to these issues. (Lambert-Dean Dec., ¶ 19(ll).)

(c) Pages 2152-2156: This document is being withheld in its entirety. This is an undated, unsigned (no author or intended recipient is identified) draft memorandum concerning the proper tax treatment of industrial development bonds when issued by non-specific governmental entities. This document contains the author's analysis and opinions as to whether such transactions would enjoy tax exempt status. (Lambert-Dean Dec., ¶ 19(aaa).)

Dated: June 16, 2006.

                                                Respectfully submitted,

                                                /s/ Brittney N. Campbell
                                                DAVID M. KATINSKY
                                                BRITTNEY N. CAMPBELL
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                P.O. Box 227
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone: (202) 307-6435

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

**Campbell, Brittney N. (TAX)**

From: Campbell, Brittney N. (TAX)
Sent: Tuesday, May 16, 2006 3:18 PM
To: Calletd@gtlaw.com
Cc: eisenbergr@gtlaw.com; Katinsky, David M. (TAX)

Mr. Callet,

Pursuant to your request, Deborah Lambert-Dean reviewed the documents withheld-- in part or in whole-- pursuant to FOIA exemptions. The following pages referenced "solid waste":

Pages Withheld in Part

Pages 28, 33, 37

Pages Withheld in Full

Pages 1230-1234 (draft memorandum),

Pages 2152-2156 (draft response to request for advice),

Pages 883-1015 (draft version of the regulations),

Pages 1028-1042 (draft version of the regulations),

Pages 1332-1333 (draft version of the regulations),

Pages 1378-1440 (draft version of the regulations), and

Pages 2080-2148 (draft version of the regulations)

Please note that all of the pages withheld-- in part or in full--that address solid waste were withheld pursuant to (b)(5)/deliberative process.

Please let either David Katinsky or me know if you wish to proceed with the case, given this information. If you do wish to proceed, may we stipulate that there is no dispute as to the search and no dispute as to any of the exemption claims other than the (b)(5) deliberative process claims with respect to these pages?

I look forward to hearing from you.

Sincerely,

Brittney Campbell



GOVERNMENT EXHIBIT 1

6/13/2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov

6/13/2006

# Greenberg Traurig

David P. Callet
Tel. 202.331.3144
Fax 202.331.3101
calletd@gtlaw.com

May 19, 2006

**VIA E-MAIL AND U.S. MAIL**

David M. Katinsky
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
(202) 307-6435

Re: **Georgia-Pacific Corp. v. Internal Revenue Service,
Civ. No. 05-02431 (RBW) (D. D.C.)**

Dear David:

    Pursuant to the Court's scheduling order of May 9, 2006, Georgia-Pacific through this letter provides notice to the Internal Revenue Service that it intends to contest both the IRS's Freedom of Information Act (FOIA) search and several withheld-in-full documents identified in the May 9, 2006 Declaration of Deborah Lambert-Dean.

    On June 5, 1971 a proposed regulation defining solid waste disposal facilities was published by the US Treasury Department. Thereafter, a public hearing respecting the proposed regulation was held. Without any further notice, on July 5, 1972 the U.S. Treasury Department issued the final regulation defining solid waste disposal facilities, which substantially modified the definition contained in the proposed regulation. None of the documents produced in response to Georgia-Pacific's FOIA requests or listed on the Declaration appear to address the fact of or reason for the substantial modification. Based solely upon this omission, we must question the adequacy of the search performed by the IRS; although possible, it seems high improbable, that so significant a modification would not have been discussed in some internal documentation. Georgia-Pacific therefore intends to challenge IRS's search in its cross-motion for summary judgment.

    In addition, IRS has mistakenly asserted the deliberative process privilege (as codified by FOIA Exemption 5, 5 U.S.C. § 552(b)(5)), with respect to a number of withheld-in-full documents. In particular, Georgia-Pacific plans to challenge the following:

- Pages 1230-1234 (found at Declaration pp. 35-6, subsection (ll)): a memorandum dated January 2, 1969 from Mr. McDaniel to a government employee Mr. Surrey

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500
Tel 202.331.3100 | Fax 202.331.3101

GOVERNMENT EXHIBIT 2

David M. Katinsky
May 19, 2006
Page 2

consisting of an assessment of the intended purpose of the proposed regulation being drafted under section 103 and containing a summary of the principal issues encountered during the formulation of the proposed regulation as well as the IRS's intended response to these issues.

- Pages 2152-2156 (found at Declaration p. 40, subsection (aaa)): an undated, unsigned draft memorandum concerning the proper tax treatment of industrial development bonds when issued by non-specific entities.

- Pages 883-1015 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1028-1042 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1332-1333 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1378-1440 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 2080-2148 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

I am happy to discuss the IRS's search or any of the contested documents with you in an effort to resolve this matter without the Court's involvement. However, if we cannot find an acceptable solution, Georgia-Pacific intends to challenge the search and each of the documents listed above in its cross-motion for summary judgment. Please contact me with any questions.

Sincerely,

David P. Callet

Greenberg Traurig, LLP