IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  | |
|---|---|---|---|
| GEORGIA-PACIFIC CORP., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 1:05CV02431 (RBW) | |
| | ) | | |
| INTERNAL REVENUE SERVICE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INTERNAL REVENUE SERVICE'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

STATEMENT

The Internal Revenue Service incorporates by reference the facts enumerated in the Internal Revenue Service's Statement of Material Facts Not in Genuine Dispute.

SUMMARY OF ARGUMENT

The Court should grant the Internal Revenue Service's cross-motion for summary judgment here because based upon the material, undisputed facts, the IRS, as a matter of law, has (1) performed an adequate search for documents responsive to plaintiff's FOIA request; and (2) with respect to the documents set forth in plaintiff's letter dated May 19, 2006, (a copy of this letter is attached as Exhibit 2 to defendant's Statement of Material Facts), withheld only those documents authorized by 5 U.S.C. § 552(b).

First, the IRS must execute a search reasonably calculated to uncover all relevant documents based upon the four corners of the FOIA request. Here, the IRS searched all

1760149.1

logical locations suggested by the FOIA request for the exact material requested. Likewise, the IRS's withholdings meet the standards prescribed by the FOIA. Specifically, 5 U.S.C. § 552(b)(5), in conjunction with the governmental deliberative process privilege, protects from compelled disclosure drafts of final published guidance, as well as other documents prepared by components within the IRS, primarily within Chief Counsel, to assist the executives that issued the final published regulation guidance prior to those individuals reaching final decisions concerning how issues would be treated in the final guidance. Such documents are both predecisional and deliberative in nature. 5 U.S.C. § 552(b)(5).

ARGUMENT

I.

THE LAMBERT-DEAN DECLARATION ESTABLISHES THAT
THE IRS PERFORMED A GOOD FAITH SEARCH
REASONABLY CALCULATED TO UNCOVER
ALL RESPONSIVE DOCUMENTS.

In order for a FOIA search to pass muster in this circuit, the agency must establish that it executed a search "'reasonably calculated to uncover all relevant documents.'" Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("Weisberg II")); accord, Shores v. FBI, 185 F.Supp.2d 77, 82 (D.D.C. 2002); Judicial Watch, Inc. v. Export-Import Bank, 108 F.Supp.2d 19, 25 (D.D.C. 2000). The focus is on the *reasonableness* of the search, not the *result*:

> The question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those

>documents was *adequate*. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case."

Steinberg, 23 F.3d at 551 (quoting Weisberg II, 745 F.2d at 1485) (emphasis supplied in original); see also, Meeropol v. Meese, 790 F.2d 942, 952-53, 955 (D.C. Cir. 1986); Export-Import Bank, 108 F.Supp.2d at 25-26. A search is not inadequate simply because it does not locate every document a requester seeks. Shores, 185 F.Supp.2d at 82; see also, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996) (agency not required to look beyond the four corners of the request for leads to responsive documents); Steinberg, 23 F.3d at 552 (holding that the FOIA does not impose a requirement to follow an endless trail of cross references found in responsive documents). Indeed, it is unreasonable to expect "even the most exhaustive search to uncover *every* responsive file ..." Meeropol, 790 F.2d at 953 (emphasis supplied in original).

The agency can sustain its burden of establishing a reasonable search by means of reasonably detailed, nonconclusory affidavits or declarations submitted in good faith. Steinberg, 23 F.3d at 551; Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980); Shores, 185 F.Supp.2d at 82. Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground

Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)); accord, Blanton v. United States Dep't of Justice, 182 F.Supp.2d 81, 84 (D.D.C. 2002).

Here, the Internal Revenue Service has produced a detailed, nonconclusory declaration – that of Deborah Lambert-Dean with the Office of Chief Counsel (Disclosure & Privacy Law) – describing a reasonable search for responsive documents. The declaration describes the good-faith search undertaken with respect to the FOIA request at issue here and shows how the search was reasonably calculated to produce all responsive documents. Plaintiff's only response has been purely speculative claims that other responsive documents *might* exist.

The IRS's search for the background files related to the promulgation of Treasury Regulation 1.103-8(v), T.D. 7199 took place in a logical manner. The Office of Governmental Liaison and Disclosure ("GLD") in IRS National Office is responsible for processing all FOIA requests made for documents located in the National Office. GLD initiated a search for responsive documents by forwarding a copy of plaintiff's request to the Legal Processing Division ("LPD") within the Office of Associate Chief Counsel, Procedure & Administration. LPD is the function responsible for maintaining files for finalized published guidance, such as T.D. 7199. (Lambert-Dean Declaration, ¶ 6.) LPD determined that the files associated with T.D. 7199 had been provided to an attorney in the Office of Chief Counsel, Tax Exempt and Government Entities ("TEGE") in July 2005 and had not been returned to LPD by that attorney. LPD requested that the attorney return the files, and the attorney agreed to do so. (Lambert-Dean Declaration,

¶ 8.)   As of November 28, 2005, defendant had not made a substantive response to plaintiff's request and GLD asked plaintiff for a second extension to respond to plaintiff's request.  (Lambert-Dean Declaration, ¶10.)   Plaintiff did not respond to the request and instead initiated litigation on December 20, 2005.   (Lambert-Dean Declaration, ¶ 11.)  Upon receipt of plaintiff's complaint, Lambert-Dean's manager, Gerald R. Ryan, initiated the search for both the administrative FOIA request file and for the documents responsive to the FOIA request.  Ryan received the documents referenced as Exhibits A-F in the Lambert-Dean Declaration from GLD.  Ryan contacted LPD's Docket, Records and User Fee Branch and that Branch provided the complete file for T.D. 7199.  (Lambert-Dean Declaration, ¶12.)    These steps clearly satisfied the Service's duty to undertake a search reasonably calculated to produce all relevant documents.

Therefore, as a matter of law, the IRS has met the requirements for an adequate FOIA search.

II.

THE IRS WITHHOLDINGS ARE JUSTIFIED
UNDER THE FOIA EXEMPTION 5 U.S.C. § 552(B)(5)

The IRS has also justifiably claimed protection under FOIA Exemption 5 for withholding of the following the documents, or portions thereof: (1) pages 883- 1015, 1028-1042, 1332-1333, 1378-1440, 2080-2148 as described in paragraph 19(f) of the Lambert-Dean Declaration; (2) pages 1230-1234 as described in paragraph 19(ll) of the

Lambert-Dean Declaration; and (3) pages 2152-2156, as described in paragraph 19(aaa) of the Lambert-Dean Declaration (collectively, the "Contested Documents").

Section 552(b)(5) protects from disclosure under the FOIA "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  As the language suggests, Exemption 5 incorporates those privileges which the government enjoys in pretrial discovery under relevant statutes and case law.  See United States v. Weber Aircraft Corp., 465 U.S. 792, 799 (1984); see also, NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 148 (1975) ("Exemption 5 withholds from a member of the public documents which a private party could not discover in litigation with the agency.").  Nor are the needs of a particular FOIA plaintiff relevant to whether Exemption 5 applies; only documents "normally" or "routinely" disclosable in civil discovery are outside Exemption 5. Martin v. Office of Special Counsel, Merit Systems Protection Bd., 819 F.2d 1181, 1184 (D.C. Cir. 1987) (citing Sears, Roebuck & Co., 421 U.S. at 149); see also, Weber Aircraft Corp., 465 U.S. at 799 (test is whether documents "routinely" or "normally" disclosed upon a showing of relevance).  The Service has justifiably withheld the Contested Documents, or portions thereof, based upon their protection under the well-established common law privilege of the governmental deliberative process.  Cf. Tax Analysts v. IRS, 294 F.3d 71, 76 (D.C. Cir. 2002) (privileges encompassed in Exemption 5).

6

1760149.1

Exemption 5 indisputably includes within its ambit documents falling under the governmental deliberative process privilege. Sears, Roebuck & Co., 421 U.S. at 150; EPA v. Mink, 410 U.S. 73, 87 (1973). The privilege protects "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Sears, Roebuck & Co., 421 U.S. at 150 (quoting Carl Zeiss Stiftung v. V.E.B. Carl Zeisee, Jena, 40 F.R.D. 318, 324 (D.D.C. 1966)). It also protects other subjective documents reflecting the author's personal opinions prior to agency adoption of a policy. Tax Analysts, 294 F.3d at 80. Disclosure of such documents could inhibit "'frank discussion of legal or policy matters'" leading to weaker decisions and policies. Sears, Roebuck & Co., 421 U.S. at 150; see also, Mink, 470 U.S. at 87; Tax Analysts, 294 F.3d at 80. In determining whether the governmental deliberative process privilege protects a particular document, that document must be both predecisional and deliberative in nature. Mapother v. Department of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993); Judicial Watch, Inc., 108 F.Supp.2d at 35. The Contested Documents clearly meet these standards and qualify under the deliberative process privilege.

The Contested Documents Are "predecisional"

The IRS's withholdings here easily meet the first of the two requirements – that the documents must be predecisional. Predecisional means "antecedent to the adoption of an agency policy." Jordan v. United States Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc). Lambert-Dean specifically states that "[a]ll of the records being

withheld pursuant to the deliberative process privilege are predecisional." (Lambert-Dean Declaration, ¶ 18.) Indeed, she further elaborates on the preparation of these documents in a manner that makes clear that the documents, in fact, predate the relevant decisions: "These documents were prepared by components within the agency, primarily within Chief Counsel, to assist executives within the agency and at Treasury that issue regulations before reaching final decisions on how certain issues would be treated in this guidance that culminated in this regulation." (<u>Ibid.</u>) Finally, the FOIA request itself supports the predecisional nature of the documents. The requests sought "copies of any and all documents...that pertain to or were considered, reviewed, or referred to by Internal Revenue Service or Treasury Department personnel in connection with the promulgation, and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199." This suggests that responsive documents would be those that preceded and led up to the actual promulgation of the regulation. Thus, there can be no genuine dispute that the withheld documents and portions thereof are predecisional.

The Contested Documents Are "deliberative in nature"

The withheld material is also deliberative in nature. The governmental deliberative process privilege does not protect only deliberative – as opposed to factual – communications; it protects from disclosure *all* communications which would expose publicly the agency's deliberative process. <u>Russell v. Department of the Air Force</u>, 682 F.2d 1045, 1048 (D.C. Cir. 1982); <u>see</u> <u>also</u>, <u>Dudman Comm. Corp. v. Department of the</u>

Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987) (asking whether disclosure would expose agency decisionmaking process and discourage candid discussion); Hamilton Securities Group, Inc. v. Department of Housing and Urban Dev., 106 F.Supp.2d 23, 31 (D.D.C. 2000) (same), aff'd, 2001 WL 238162 (D.C. Cir. Feb. 23, 2001).

As set forth in her declaration, the Contested Documents consist of the following: (1) drafts of the proposed regulation, (2) a memorandum drafted by Tax Legislative Counsel containing a substantive discussion of the intended purpose of the proposed regulation, summary of principle issues encountered during the formulation of the proposed regulation and the IRS's intended response to the issues; and (3) a draft memorandum containing analysis and opinions regarding whether certain transactions would enjoy tax exempt status.  Drafts of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code (see Lambert-Dean Declaration, pages 883- 1015, 1028-1042, 1332-1333, 1378-1440, 2080-2148 as described in paragraph 19(f)) – should certainly be withheld.  Similarly, the draft memorandum containing analysis and opinions regarding whether certain transactions would enjoy tax exempt status under the proposed regulation (see Lambert-Dean Declaration, pages 2152-2156, as described in paragraph 19(aaa)) should also be withheld.

Drafts of a final document are generally deliberative in nature and fit within the deliberative process privilege in that these are the views of an individual and not the views of the agency.  See Hamilton Securities Group, Inc., 106 F.Supp.2d at 31-32

(protecting from disclosure draft audit report by the Department of Housing and Urban Development's Office of the Inspector General concerning the Federal Housing Administration's loan sales program). Moreover, the potential for the public seeing the changes made from the draft version of a document to the final version would "stifle the creative thinking and candid exchange of ideas ..." Dudman Comm. Corp., 815 F.2d at 1569 (draft manuscript of history of Air Force in Vietnam between 1961 and 1964 properly withheld); see also, Russell, supra (draft of Air Force historical document on use of herbicides in the Vietnam War, including factual summaries, properly withheld); Pies v. IRS, 668 F.2d 1350 (D.C. Cir. 1981) (drafts of IRS regulations that never became final properly withheld).

    The memorandum from Mr. McDaniel, Tax Legislative Counsel, which contains (i) an assessment of the intended purpose of the proposed regulation, (ii) a summary of the principal issues encountered during the formulation of the proposed regulation; and (iii) the IRS's intended response to these issues (see Lambert-Dean Declaration, pages 1230-1234 as described in paragraph 19(ll) of the Declaration) should also be withheld. The factual record supports that all of the information withheld under the deliberative process privilege – non-drafts as well as drafts – are deliberative in nature and were properly withheld. This memorandum, as well as the other Contested Documents at issue, were prepared by components within the IRS – primarily within Chief Counsel – to assist the executives that issued the final regulation prior to those individuals reaching final decisions concerning how issues would be treated in this

guidance.  (Lambert-Dean Dec., ¶ 18.)  The withheld information contains opinions and/or recommendations reflecting the "give-and-take" of the agency's deliberative processes prior to the issuance of final guidance.  Cf. Hamilton Securities Group, Inc., 106 F.Supp.2d at 31.  Disclosure of the withheld information would expose the decision-making processes of the agency in reaching the positions announced in these guidelines and would discourage candid discussion within the agency.  Finally, in each instance the final decisionmaker did not adopt or incorporate by reference the deliberations contained in these withheld documents.  Therefore, the Contested Documents described in the Lambert-Dean declaration are deliberative in nature and properly withheld.

CONCLUSION

For the reasons stated above, the IRS search was adequate, and its withholdings justified.  Accordingly, based upon the undisputed facts, the IRS is entitled to judgment as a matter of law.

The Service therefore respectfully requests that this Court grant its cross-motion for summary judgment and dismiss this action with prejudice.

Dated: June 16, 2006.

                Respectfully submitted,

                /s/ Brittney N. Campbell
                DAVID M. KATINSKY
                BRITTNEY N. CAMPBELL
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227
                Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 307-6435

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing Defendant's Memorandum in Support of Cross-Motion for Summary Judgment has been made this 16th day of June, 2006, by mailing, postage prepaid, addressed to:

>David P. Callet, Esq.
>Greenberg Traurig LLP
>800 Connecticut Avenue, NW
>Suite 500
>Washington, D.C. 20006

   /s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL