IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGIA-PACIFIC CORP., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-02431 (RBW) |
| ) | Judge Reggie B. Walton |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO IRS'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Civil Rules 7(h) and 56.1, Plaintiff Georgia-Pacific Corporation ("Georgia-Pacific") submits this Response to Defendant Internal Revenue Service's ("IRS") Statement of Material Facts Not In Genuine Dispute ("Statement of Facts").

1. Georgia-Pacific does not dispute paragraph 1 of IRS's Statement of Facts, which sets forth the text of Georgia-Pacific's Freedom of Information Act ("FOIA") request. Because summary judgment in this case hinges on whether IRS fulfilled Georgia-Pacific's FOIA request, the request itself is material to the legal issues before the Court.

2. Georgia-Pacific does not dispute paragraph 2 of IRS's Statement of Facts, which describes IRS's initial attempt to search for documents responsive to Georgia-Pacific's FOIA request. Because Georgia-Pacific challenges the reasonableness of IRS's search, these facts are material to the legal issues before the Court.

3. Georgia-Pacific does not dispute paragraphs 3 and 7 of IRS's Statement of Facts, which describe IRS's requests for extensions of time. However, Georgia-Pacific asserts that these facts are not material to the legal issues before this Court.

4. Georgia-Pacific does not dispute paragraphs 4 through 6 of IRS's Statement of Facts, which describe IRS's efforts to obtain the "file" responsive to Georgia-Pacific's FOIA request. Because Georgia-Pacific challenges the reasonableness of IRS's search, these facts are material to the legal issues before the Court.

5. Georgia-Pacific does not dispute paragraph 8 of IRS's Statement of Facts, which states that IRS did not make a substantive response to Georgia-Pacific's FOIA request prior to the instigation of this lawsuit. However, Georgia-Pacific asserts that its decision not to file an administrative appeal prior to instigating this lawsuit is not material to the legal issues before this Court.

6. Georgia-Pacific does not dispute paragraphs 9 through 12 of IRS's Statement of Facts, which describe IRS's efforts to obtain the "file" responsive to Georgia-Pacific's FOIA request. Because Georgia-Pacific challenges the reasonableness of IRS's search, these facts are material to the legal issues before the Court.

7. Georgia-Pacific does not dispute paragraphs 13 through 15 of IRS's Statement of Facts, which describe IRS's processing of Georgia-Pacific's FOIA request and Georgia-Pacific's decision to challenge the search and certain improperly-withheld documents. Because Georgia-Pacific challenges the reasonableness of IRS's search and its decision to withhold certain responsive documents, these facts are material to the legal issues before the Court.

8. Georgia-Pacific does not dispute paragraph 16 of IRS's Statement of Facts, which states that IRS is withholding certain documents pursuant to Exemption 5 of the FOIA, and sets forth the text of Exemption 5. Because Georgia-Pacific challenges IRS's decision to withhold certain responsive documents, these facts are material to the legal issues before the Court.

9.       Georgia-Pacific disputes, in its entirety, the "facts" alleged by IRS in paragraphs 17 through 20 of the Statement of Facts. These paragraphs, which describe IRS's application of Exemption 5 and the deliberative process privilege to the seven improperly-withheld documents, are made up entirely of argument and conclusions of law which may mislead the Court into believing that IRS's decision to withhold those documents was factually and legally supported. Not a single word of paragraphs 17 through 20 is a "fact not in genuine dispute," as Local Civil Rules 7(h) and 56.1 require IRS to set forth. Georgia-Pacific submits that a genuine issue exists as to whether IRS properly withheld the following documents under Exemption 5 and the deliberative process privilege:

- Pages 1230-1234 (found at Declaration pp. 35-6, subsection (ll)): a memorandum dated January 2, 1969 from Mr. McDaniel to a government employee Mr. Surrey consisting of an assessment of the intended purpose of the proposed regulation being drafted under section 103 and containing a summary of the principal issues encountered during the formulation of the proposed regulation as well as the IRS's intended response to these issues.

- Pages 2152-2156 (found at Declaration p. 40, subsection (aaa)): an undated, unsigned draft memorandum concerning the proper tax treatment of industrial development bonds when issued by non-specific entities.

- Pages 883-1015 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1028-1042 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1332-1333 (found at Declaration p. 25, subsection (f)): a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 1378-1440 (found at Declaration p. 25, subsection (f), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

- Pages 2080-2148 (found at Declaration p. 25, subsection (f)), a draft (or portion of a draft) of the proposed regulation on industrial development bonds as it was contemplated for promulgation under section 103 of the Internal Revenue Code.

Dated: July 7, 2006                             Respectfully submitted,

                                                _____/s/_____
                                                David P. Callet (DC Bar No. 181990)
                                                Ross E. Eisenberg (DC Bar No. 489045)
                                                GREENBERG TRAURIG LLP
                                                800 Connecticut Ave., N.W., Suite 500
                                                Washington, DC 20006


                                                OF COUNSEL:

                                                Michael L. Lehr
                                                Greenberg Traurig, LLP
                                                Two Commerce Square, Suite 2700
                                                2001 Market Street
                                                Philadelphia, PA  19103

                                                *Counsel for Plaintiff*
                                                *Georgia-Pacific Corporation*