IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGIA-PACIFIC CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV02431 (RBW) |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

INTERNAL REVENUE SERVICE'S STATEMENT OF MATERIAL
FACTS UNDER LOCAL RULE 56.1

Pursuant to L.Civ.R. 7.1(h) and 56.1, the Internal Revenue Service "the Service" submits this response to plaintiff's Statement of Material Facts Not In Genuine Dispute:

1. Undisputed.

2. Undisputed.

3. Undisputed but not material.

4. Undisputed but not material.

5. Undisputed but not material.

6. Undisputed.

7. Undisputed but not material.

8. Undisputed but not material.

9. Undisputed but not material.

10. Undisputed.

11. Undisputed but not material.

12. Undisputed.

13. Undisputed but not material.

14. Undisputed but not material.

15. Undisputed but not material.

16. Undisputed.

17. Disuted but not material.

THE INTERNAL REVENUE SERVICE'S SUPPLEMENTAL STATEMENT OF<br>MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to L.Civ.R. 7.1(h) and 56.1, the Service asserts that the following supplemental facts are not in genuine dispute:

1. In the "DECLARATION OF DEBORAH LAMBERT-DEAN" dated May 9, 2006, (hereafter referenced as the "first Declaration") which was submitted to the Court in conjunction with the Service's Cross-Motion for Summary Judgment, Lambert-Dean described the Service's search for responsive documents and those categories of documents which the Service has determined to be responsive to plaintiff's FOIA request, but which were exempt from disclosure under the FOIA. (Lambert-Dean Dec. ¶4)

2. Lambert-Dean submitted a second Declaration in response to plaintiff's Motion for Partial Summary Judgment dated June 16, 2006. (Lambert-Dean Dec. ¶5)

3. The document described by plaintiff on page 13 of its memorandum in support of cross-motion for summary judgment ("plaintiff's Memorandum") as "Document 1" (numbered as pages 1230-1234 and described in paragraph 19(ll) of the first Declaration) is a memorandum dated January 2, 1969 from Mr. McDaniel,

the Tax Legislative Counsel, to Mr. Stanley Surrey, an Assistant Secretary of the Treasury. (Lambert-Dean Dec. ¶ 7.) This memorandum is addressed by a subordinate (Mr. McDaniel) to a superior (Mr. Surrey) and is intended to provide Assistant Treasury Secretary Surrey with an assessment of the intended purpose of the proposed regulation and a summary of the principal issues encountered during the formulation of the proposed regulation as well as the Service's intended response to those issues. (Id.) This assessment seems to have been an attempt by the Tax Legislative Counsel to provide the Assistant Secretary with pertinent information as his office considered whether and how to proceed with respect to finalization of T.D. 7199. (Id.)

    5. The document described on page 13 of plaintiff's Memorandum as "Document 2" (and numbered as pages 2152-2156 and described in paragraph 19(aaa) of the first Declaration) is an undated, unsigned draft document that in its opening paragraph indicted that it was prepared in response to a request for advice as to whether interest on bonds issued by a certain type of non-specified entity to finance certain facilities would be excludable from gross income of the bondholders. (Lambert-Dean Dec. ¶ 8). Each page of this document has handwritten and typed notations in the margins and between the lines suggesting the same person had reviewed the document and was proposing revisions to the document, thus denoting that it is not finalized. (Id.) Lambert-Dean could find no similar signed finalized document in the file for T.D. 7199. (Id.) This document is not directly

related to the formulation of the final regulation T.D. 7199, but is tangentially related in that it addresses issued raised in the context of industrial revenue bonds. (Id.)

6. The remaining five documents are described by plaintiff as "Documents 3-7" on page 14 of its Motion (and numbered as pages 883-1015, 1028-1042, 1332-1333, 1378-1440 and 2080-2148 and described at paragraph 19(f) of the first Declaration) and consist of drafts, either in full or in part, of the proposed and final regulation, T.D. 7199. (Lambert-Dean Dec. ¶9.) The documents are described as follows:

(a) Pages 883-1015: This is a draft dated November 14, 1968 of the proposed regulation for industrial development bonds. (Lambert-Dean Dec. ¶9(a).) The proposed regulations were not published until June 5, 1971 and July 13, 1971. This draft was created two and one-half years prior to finalization of these proposed amendments and it contains numerous suggested revisions to the content in the margins and between the lines of the text. (Id.) After comparing the text of this document to the text in the final proposed regulation and to the final regulation, T.D. 7199, Lambert-Dean determined that they are not substantially similar. (Id.)

(b) Pages 1028-1042: This is an undated partial draft of the proposed regulation that is numbered page five through page 72. (Lambert-Dean Dec. ¶9(b).) This draft document contains numerous "strike-outs" indicating text that has been suggested be removed as well as proposed revisions to the content between the lines of text. (Id.) After comparing the text of this document to the text in the final

regulation, T.D. 7199, Lambert-Dean determined that the two documents are not substantially similar. (Id.)

(c) Pages 1332-1333: This is an undated partial draft of the proposed regulation that is numbered pages ten and 11 with the heading "Public Utility Facilities." (Lambert-Dean Dec. ¶9(c).) After comparing these draft pages to the portion of the final regulation T.D. 7199 that has the heading "Certain public utility facilities" Lambert-Dean determined that the two documents are not substantially similar.

(d) Pages 1378-1440: This is a draft dated August 30, 1968, of the proposed regulation for industrial development bonds. (Lambert-Dean Dec. ¶9(d).) The proposed amendments to the regulations were not published until June 5, 1971 and July 13, 1971. (Id.) This draft was created almost three years prior to finalization of these proposed amendments and it contains suggested revisions to the content between the lines of the text. After comparing the text of this document to the text in the final proposed regulation and to the final regulation, T.D. 7199, Lambert-Dean determined that they are not substantially similar. (Id.)

(e) Pages 2080-2148: This is a draft of the final regulation, T.D. 7199 dated July 5, 1972. (Lambert-Dean Dec. ¶9(e).) After comparing this draft document to the final regulation T.D. 7199, Lambert-Dean determined that while they are more similar than the other draft documents cited above as paragraph 9(a)-(d), there are substantial differences between this draft document and the final regulation. (Id.)

For example, certain revisions to the text of the document that appeared to be under consideration at this time this draft was created on July 5, 1972 have been revised or omitted from the final regulation. (Id.)

      7.  As set forth in the first Declaration, Lambert-Dean is familiar with the segregation requirement of subsection (b) of the FOIA for any nonexempt information contained in responsive agency records. (Lambert-Dean Dec. ¶ 10) Lambert-Dean has reviewed all documents at issue in this litigation and have attempted to make every reasonably segregable non-exempt portion of every responsive document available to the plaintiff.  (Id.)  The Service has withheld in their entirety only those documents that fall within a FOIA exemption, or those documents wherein the portions exempt from disclosure under the FOIA are so inextricably intertwined with nonexempt material as to be non-segregable.

//
//
//
//
//
//
//
//

Dated: July 8, 2006.

                                      Respectfully submitted,

                                      /s/ Brittney N. Campbell
                                      DAVID M. KATINSKY
                                      BRITTNEY N. CAMPBELL
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 307-6435

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that service of the foregoing defendant's reply to plaintiff's Statement of Material Facts and defendant's supplemental statement of material facts has been made this 8th day of July, 2006, by mailing, postage prepaid, addressed to:

>David P. Callet, Esq.
>Greenberg Traurig LLP
>800 Connecticut Avenue, NW
>Suite 500
>Washington, D.C. 20006

>/s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL