IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGIA-PACIFIC CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV02431 (RBW) |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**INTERNAL REVENUE SERVICE'S REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

The Internal Revenue Service (the "Service") submits this reply brief in support of its cross-motion for summary judgment to further address one point raised by plaintiff in its opposition. In its opposition to defendant's cross- motion for summary judgment, plaintiff alleges, *inter alia,* that the Service conducted an inadequate search for responsive documents. This allegation is without merit.

In its opposition, plaintiff contends that "none of the documents produced in response to Georgia-Pacific's FOIA requests or listed on the IRS's Declaration appear to address the fact of or reason for the substantial modification to the definition of 'solid waste' in the Regulation." (Pl. Opp. to Defendant's Motion for Summary Judgment at 3.) Plaintiff further contends that its FOIA request was "extremely narrow" and the Service did not find "*even one document* that addressed the fact of or reason for the substantial modification to the definition of 'solid waste.'" (Pl. Opp. to Defendant's Motion for

1542735.3

Summary Judgment at 4.) Plaintiff's characterization of its FOIA request is inaccurate. Plaintiff's FOIA request, in fact, sought all documents, reports, records, memoranda, etc., that pertain to or were considered, reviewed, or referred to by the Internal Revenue Service or Treasury Department personnel *"in connection with the promulgation and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199."* (Pl. Compl. Ex. A.) The Service located the legal file for T.D. 7199 which contains all documents germane to the publication of Regulation Section 1.103-8(f), T.D. 7199 – the documents at issue in plaintiff's FOIA request– and subsequently produced to plaintiff 3,043 responsive pages. (Lambert-Dean Decl. ¶¶13 and 14.)

In support of its argument that the Service conducted an inadequate search, plaintiff states that the reasonableness of an agency's search is based on what the agency knew at its *conclusion* rather than what the agency speculated at its inception. (Pl. Opp. to Defendant's Motion for Summary Judgment at 4) *citing* Campbell v. United States Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998). Plaintiff then contends that the Service knew at the conclusion of its search that it had not located documents explaining the modification to the definition of "solid waste" in the regulation yet it did not "supplement its search." (Id.) Clearly, plaintiff was seeking documents that addressed a single discrete issue; however, plaintiff's request sought all documents related to the promulgation of 26 C.F.R. §1.103-8(f), T.D. 7199.[1] Based upon the four corners of

---

[1] It was only after the Service had produced to plaintiff 2,918 pages in full and 125 in part that plaintiff proposed to limit the scope of the Service's declaration to those
(continued...)

plaintiff's FOIA request in this case, all responsive documents would have been located in the file for T.D. 7199. (Lambert-Dean Decl. ¶13). Plaintiff is unsatisfied because the request did not result in the production of documents it hoped to obtain. But again, the focus is on the *reasonableness* of the search, not the *result*:

> The question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case."

Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg II, 745 F.2d at 1485) (emphasis supplied in original); see also, Meeropol v. Meese, 790 F.2d 942, 952-53, 955 (D.C. Cir. 1986); Export-Import Bank, 108 F.Supp.2d at 25-26.( A search is not inadequate simply because it does not locate every document a requester seeks.) Shores, 185 F.Supp.2d at 82; see also, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996) (agency not required to look beyond the four corners of the request for leads to responsive documents.)

Plaintiff also argues that "there is no evidence that any office within the IRS attempted to find records other than the file for T.D. 7199." (Pl. Opp. to Defendant's Motion for Summary Judgment at 5). As set forth in the Lambert-Dean Declaration, the legal file for T.D. 7199 contains all documents germane to the publication of the regulation. (Lambert-Dean Decl., ¶13). "There is no requirement that an agency

---

[1](...continued)
documents referring, relating or otherwise containing reference to solid waste disposal facilities.

search every division within it when the agency believes that responsive documents are located in one place." Defenders of Wildlife v. U.S. Dept. of Agriculture, 311 F.Supp.2d 44, 56 (D.D.C. 2004). Plaintiff, itself, acknowledges that "[under] the IRS's own rules, then any document relating to the adopted definition of "solid waste" should be kept in the file designated for T.D. 7199" (Pl. Mem. at 7). Furthermore, plaintiff has not suggested anywhere else that the Service could possibly search to find additional responsive documents nor has it produced evidence, other than its own speculation, that any other responsive documents exist. Finally, plaintiff's belief that the "IRS must have at least one document explaining why it changed the definition of 'solid waste' from that which was originally proposed'" (Pl. Mem. at 8) is a purely speculative claim about the existence and discoverability of other documents and, as such, not sufficient to rebut the presumption of good faith accorded the Service's declaration. *See* SafeCard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1201 (D.C. Cir. 1991). Accordingly, this Court should find that the search was adequate.

//
//
//
//
//
//
//

CONCLUSION

For the reasons set forth in the Service's cross-motion for summary judgment, the Service's opposition to plaintiff's cross-motion for summary judgment and this reply, the Service's search was adequate, and its withholdings under Exemption 5 justified. Accordingly, the Service respectfully submits that this Court should grant it summary judgment as a matter of law and dismiss the plaintiff's action with prejudice.

DATED: July 14, 2006

                                              Respectfully submitted,

                                              /s/ Brittney N. Campbell
                                              DAVID M. KATINSKY
                                              BRITTNEY N. CAMPBELL
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Ben Franklin Station
                                              Washington, D.C. 20044
                                              Telephone: (202) 307-6435

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing reply to plaintiff's opposition to the Service's cross-motion for summary judgment was caused to be served this 14th day of July, 2006, by depositing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

>David P. Callet, Esq.
>Greenberg Traurig LLP
>800 Connecticut Avenue, NW
>Suite 500
>Washington, D.C. 20006

>  /s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL

1542735.3