UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
GEORGIA-PACIFIC CORP.,              )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 05-2431 (RBW)
                                    )
INTERNAL REVENUE SERVICE,           )
                                    )
            Defendant.              )
                                    )
_____)

**MEMORANDUM OPINION**

  Georgia-Pacific Corporation ("the plaintiff") has filed this action seeking disclosure of certain records requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 et seq. (2000), and concerning the promulgation of a 1972 regulation by the United States Department of the Treasury ("Treasury"). Complaint ("Compl.") ¶ 1. The plaintiff now moves for partial summary judgment, alleging that the Internal Revenue Service ("IRS" or "the defendant") has (1) failed to conduct an adequate search for documents responsive to its FOIA request; and (2) improperly withheld in full seven responsive documents under Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Motion for Partial Summary Judgment and In Camera Review of Improperly Withheld Documents ("Pl.'s Mot.") at 1-2. In the alternative, the plaintiff asks the Court to review the disputed documents in camera to determine whether they have been properly withheld in full. Id. at 2. In response, the defendant has filed a cross-motion for summary judgment, contending that its search was adequate and that its withholdings are justified under

FOIA Exemption 5.[1]  Defendant's Cross-Motion for Summary Judgment ("Def.'s Mot.") at 1.  For the reasons set forth below, the Court grants in part and denies in part without prejudice both parties' motions and orders an in camera inspection of the seven documents at issue.

### I. Background

The following facts are not in dispute.  The plaintiff and the IRS are currently engaged in "several pending administrative proceedings . . . with respect to the taxability of certain tax-exempt bonds . . . issued by various governmental issuers to finance solid waste disposal facilities owned by Georgia-Pacific."  Pl.'s Mem. at 1.  To support its position that these bonds are taxable, the IRS is relying upon the definition of "solid waste" contained in Treasury Regulation § 1.103-8(f), T.D. 7199 ("the Regulation" or "T.D. 7199").  Id. at 2.  According to the plaintiff, the term "solid waste" is defined in a substantially different manner in the final version of the Regulation, promulgated in July 1972, than in the proposed Regulation published by Treasury in June 1971.  Id.  The plaintiff further represents that "[i]t is the modified portion of the definition that [the] IRS relies upon to justify its determination that interest on the [b]onds is subject to federal income tax."  Id.

---

[1] The following papers have been submitted in connection with both motions:  (1) Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment and In Camera Review of Improperly Withheld Documents ("Pl.'s Mem."); (2) Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def.'s Opp."); (3) Reply in Support of Plaintiff Georgia-Pacific's Motion for Partial Summary Judgment and In Camera Review of Improperly Withheld Documents ("Pl.'s Reply"); (4) Memorandum of Points and Authorities in Support of Internal Revenue Service's Cross-Motion for Summary Judgment ("Def.'s Mem."); (5) Memorandum of Points and Authorities in Opposition to Defendant's Cross-Motion for Summary Judgment ("Pl.'s Opp."); (6) Reply to Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment ("Def.'s Reply"); (7) Statement of Material Facts as to Which There is No Genuine Issue, In Support of Plaintiff's Motion for Partial Summary Judgment and In Camera Review of Improperly Withheld Documents ("Pl.'s Stmt."); (8) Response to Plaintiff's Statement of Material Facts ("Def.'s Resp."); (9) Internal Revenue Service's Statement of Material Facts Not in Genuine Dispute ("Def.'s Stmt."); and (10) Plaintiff's Response to IRS's Statement of Material Facts Not in Genuine Dispute ("Pl.'s Resp.").

On August 25, 2005, the plaintiff submitted a letter to the IRS pursuant to the FOIA seeking "disclosure of any documents that provide[d] an explanation for [the] substantial modification" of Treasury's definition of "solid waste" between the proposed and final versions of the Regulation. Id. at 2; see also Pl.'s Mem., Exhibit ("Ex.") 1 (August 25, 2005 letter from Barbara Kaplan to the IRS) ("FOIA Request"). Specifically, the plaintiff's FOIA request stated that it sought

> copies of any and all documents, reports, records, memoranda, correspondence, notes, research, or other written or electronic materials, including public comments and hearing transcripts, that pertain to or were considered, reviewed, or referred to by Internal Revenue Service or Treasury Department personnel in connection with the promulgation, and any amendments thereto, of Treasury Regulation Section 1.103-8(f), T.D. 7199.

FOIA Request at 1; see also Pl.'s Stmt. ¶ 2; Def.'s Stmt. ¶ 1. This request was forwarded to the defendant's Legal Processing Division ("LPD"), which is the IRS office "responsible for maintaining files for finalized published guidance." Def.'s Stmt. ¶ 2; Pl.'s Resp. ¶ 2.

On December 20, 2005, after receiving no substantive response to its FOIA request in the intervening four months, the plaintiff commenced the present litigation. Pl.'s Stmt. ¶ 8; Def.'s Stmt. ¶ 8. Thereafter, the defendant conducted a search for documents responsive to the plaintiff's FOIA request. Pl.'s Stmt. ¶ 9; Def.'s Stmt. ¶¶ 9-11. The defendant represents that "[i]n accordance with the guidelines set forth in the Internal Revenue Manual, the documents sought in [the] plaintiff's FOIA request are maintained in one file that is labeled with the T.D. number and stored at [the LPD office]." Def.'s Opp. at 2. The defendant states, and the plaintiff does not dispute, that the purpose and contents of legal files such as the one created for T.D. 7199 is as follows:

3

> The assembly and storage of files such as the file for T.D. 7199 at issue here[] is governed by guidelines set forth in the Internal Revenue Manual (IRM). The IRM specifies that the attorney assigned to a regulation project is to create a legal file that the attorney is responsible for maintaining until the file is closed. <u>The legal file is to contain all documents germane to the publication of the regulation</u>, including published regulations and notices, unmarked drafts, drafts that have been marked-up by the IRS and/or the Department of Treasury along with related buckslips and distribution memorand[a], briefing memoranda, IRS and Treasury memoranda (designated as transmittal, policy memoranda[,] and internal comments), conference and briefing reports (designated as summaries of conferences and briefing sessions), public comments[] (including summaries of these comments and documents related to public hearings), administrative memoranda, handwritten notes, e-mail communications and, after a regulation has been published, a copy of the <u>Federal Register</u> reprint. When a regulation is published and the assembly of the legal file for the T.D. is complete, the file is to be labeled with the T.D. number and submitted to the Docket, Records and User Fee Branch in LPD for storage.

Pl.'s Mem., Ex. 3 (Affidavit of Deborah Lambert-Dean) ("Lambert-Dean Decl.") ¶ 13 (emphasis added)[2]; <u>see</u> <u>also</u> Def.'s Stmt. ¶ 11; Pl.'s Mem. at 6-7; Def.'s Mem., Ex. 6 (Internal Revenue Manual, Guidelines for Specific Categories of Case Files, Part 30.9.2.1.1) ("IRM guidelines") at 1.[3] The defendant therefore restricted the scope of its search to the LPD's legal file pertaining to T.D. 7199, where it determined that any responsive documents would be found. Lambert-Dean Decl. ¶¶ 12-13; Pl.'s Stmt. ¶ 6; Def.'s Stmt. ¶¶ 10-11; <u>see also</u> Def.'s Opp. at 9 (stating that "the legal file for T.D. 7199 contains all documents germane to the publication of the regulation").

On April 7, 2006, the defendant released in their entirety 2,918 pages of documents deemed responsive to the plaintiff's FOIA request. Def.'s Stmt. ¶ 13; <u>see also</u> Pl.'s Stmt. ¶ 12. In addition, the defendant partially released 125 pages of responsive documents and withheld 613

---

[2] Deborah Lambert-Dean is an attorney in the defendant's Office of Chief Counsel, Disclosure & Privacy Law ("DPL"). Lambert-Dean Decl. ¶ 1. She was assigned to this case "for purposes of responding to the FOIA request and assisting the Department of Justice in the litigation." Def.'s Stmt. ¶ 9.

[3] The plaintiff does not challenge the defendant's implicit representation that the IRM guidelines regarding the creation of legal files pertaining to the promulgation of regulations were in place, and substantively unchanged, at the time that T.D. 7199 was being developed and promulgated in 1971 and 1972.

pages in full pursuant to FOIA exemptions 3, 5, and 6.  Pl.'s Stmt. ¶ 12; Def.'s Stmt. ¶ 13; see also Lambert-Dean Decl. ¶¶ 15-20 (describing the applicability of the claimed FOIA exemptions to the withholdings); Def.'s Opp., Ex. 1 (Second Declaration of Deborah Lambert-Dean) ("Second Lambert-Dean Decl.") ¶¶ 7-9 (same).  In all, the defendant identified 3,656 pages of responsive documents, all retrieved from the legal file for T.D. 7199.  Def.'s Stmt. ¶ 13; Pl.'s Resp. ¶ 7.  According to the plaintiff, none of these documents "appear to address the fact of[,] or reason for[,] the substantial modification to the definition of 'solid waste' in the Regulation" between the 1971 proposed rule and the 1972 final promulgation.  Pl.'s Mem. at 7.

On June 16, 2006, in response to the defendant's production of documents, the plaintiff moved for partial summary judgment and for an in camera review of certain responsive documents withheld in full by the defendant.  Def.'s Mot. at 1-2.  The plaintiff's motion is predicated on two grounds.

First, the plaintiff argues that the defendant's search for documents responsive to its FOIA request was inadequate because (1) "[n]othing [the defendant] has produced . . . explains the policy behind the definition of 'solid waste' in the final Regulation," Pl.'s Mem. at 4; (2) "[u]nder the Federal Records Act ["FRA"], somewhere in the file for T.D. 7199 should be an explanation of [the] IRS's policy with respect to its definition of 'solid waste' and solid waste disposal facilities," especially considering that the definition was "substantially modified . . . after publication of the proposed regulations and before issuing the version [the] IRS now relies on to declare interest on the Bonds taxable," id. at 6 (emphasis in original); and (3) therefore "either [these] documents [explaining the definitional change] do not exist and [the] IRS has not fulfilled its duty under the FRA, or . . . the IRS's search for records responsive to [the plaintiff's]

5

FOIA request was inadequate," id. at 7. The plaintiff thus asks the Court to require the defendant to look outside of the T.D. 7199 legal file for documents relating to the change in the definition of 'solid waste.' Id. at 7-8; see also id. at 8 (asserting that "[the] IRS must have at least one document explaining why it changed the definition of 'solid waste' from that which was originally proposed"). Alternatively, the plaintiff states that "[i]f [the] IRS cannot produce such documents because none exist, [the] IRS should acknowledge that fact." Id. at 8; see also Pl.'s Reply at 3 (stating that "if such a document does not exist, [the plaintiff] will concede that the IRS search was reasonable"). For its part, the defendant states conclusively that "[b]ased upon [the] plaintiff's FOIA request in this case, all responsive documents should be located in the file for T.D. 7199." Def.'s Opp. at 8. It therefore claims that it conducted "a good faith search reasonably calculated to uncover all responsive documents." Id. at 6.

Second, the plaintiff identifies seven documents as being improperly withheld in full by the plaintiff pursuant to the deliberative process privilege of FOIA exemption 5, "which protects from disclosure 'inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency."[4] Pl.'s Mem. at 9 (quoting 5 U.S.C. § 552(b)(5)); see also id. at 12-15; Pl.'s Opp. at 9-14; Pl.'s Reply at 4-8. The plaintiff contends that the defendant "fails to describe these withheld documents, or the reason the exemption applies to them, with sufficient specificity." Pl.'s Mem. at 9. It "therefore requests that the Court examine the seven improperly-withheld documents in camera" to determine the

---

[4] The plaintiff does not challenge the defendant's application of FOIA exemptions 3, 5, or 6 to any of the other documents withheld in full. Pl.'s Mot. at 2 n.1 (stating that "in a good-faith attempt to narrow the issues for this Court's review, Georgia-Pacific challenges only those documents it believes are most relevant to the specific portion of Treasury Regulation Section 1.103-8(f), T.D. 7199 implicated in its dispute with [the] IRS").

6

applicability of the claimed exemption.  Id.; see also id. at 15 (arguing that "[t]he only adequate remedy is an in camera inspection of the seven documents to determine whether they should be released").  In response, the defendant states that the disputed withholdings are justified and that its proffered declarations "establish genuine, material, undisputed facts under which this Court should sustain the material withheld by the [IRS] under the FOIA without the need for further declarations or an in camera review."  Def.'s Opp. at 10.  The defendant goes on to say, however, that it "does not oppose an in camera inspection of the [c]ontested [d]ocuments should the Court deem it necessary to make an accurate determination."  Def.'s Opp. at 17.  Finally, the defendant cross-moves for summary judgment with regard to both the adequacy of the search and the appropriateness of its withholdings.  Def.'s Mem. at 1-2.

## II. Standard of Review

Courts will grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When ruling on a Rule 56(c) motion, the Court must view the evidence in the light most favorable to the non-moving party.  Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)).  The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).  The non-moving party, however, cannot rely on "mere allegations or denials."  Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248) (quotation marks omitted).  Thus, "conclusory allegations unsupported by factual data will not

create a triable issue of fact." Pub. Citizen Health Research Group v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal quotation marks and citations omitted). If the Court concludes that "the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, "in ruling on cross-motions for summary judgment, the [C]ourt [will] grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." Shays v. FEC, 424 F. Supp. 2d 100, 109 (D.D.C. 2006) (citation omitted). Finally, the Court will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Friends of Blackwater v. Dep't of Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (internal quotation marks and citations omitted).

### III. Analysis

*A. The Adequacy of the Search*

"[The] FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions." Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (citation omitted). An agency that is responding to a FOIA request must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Baker & Hostetler LLP v. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006) (internal quotation marks and citation omitted); see also Steinberg v. Dep't of Justice, 23 F.3d

548, 551 (D.C. Cir. 1994) (stating that "an agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents") (internal quotation marks and citation omitted).  While "an agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested," Campbell v. Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998) (internal quotation marks and citation omitted), the search "need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the [plaintiff's] specific request," Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986); see also id. at 953 (stating that "[i]t would be unreasonable to expect even the most exhaustive search to uncover every responsive file") (emphasis in original).  Thus, "[t]here is no requirement that an agency search every record system" in which responsive documents might conceivably be found.  Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (citation omitted).  Rather, the agency must demonstrate the adequacy of its search by providing a "reasonably detailed affidavit, setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Id.  "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."  SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted).

Here, the plaintiff contends that the defendant's search of the T.D. 7199 legal file was inadequate because it failed to uncover any documents relating to the change in the definition of "solid waste" between the time when the regulation was proposed and the promulgation of its final rulemaking, despite the fact that the defendant was allegedly required to create and retain such documents in accordance with federal law and its own policies and procedures.  Pl.'s Mem.

at 6-8; Pl.'s Reply at 2-4. The plaintiff points to the FRA, which mandates that agencies "make and preserve records containing adequate and proper documentation of [their] . . . policies, decisions, procedures, and essential transactions," 44 U.S.C. § 3101 (2000), and to the defendant's internal guidelines, which suggest that "any document relating to the adopted definition of 'solid waste' should be kept in the file designated for T.D. 7199." Pl.'s Mem. at 6-7 (citing Def.'s Stmt. ¶ 11). Accordingly, the plaintiff asserts that "[the] IRS must have at least one document explaining why it changed the definition of 'solid waste' from that which was originally proposed." Id. at 8. And because documents relating to the definition of "solid waste" were not found in the T.D. 7199 legal file, the plaintiff argues that they must be somewhere else in the defendant's control. Id. at 7-8. Thus, the plaintiff posits that "[g]iven [the] IRS's legal obligation to create such a document, its decision to limit its search to the file for T.D. 7199 is not reasonable."[5] Pl.'s Reply at 2-3. The Court disagrees.

     An agency "is not obliged to look beyond the four corners of the [FOIA] request for leads to the location of the responsive documents." Kowalczyk v. Dep't of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996). In this case, the plaintiff sought "copies of any and all documents, reports, records, memoranda, correspondence, notes, research, or other written or electronic materials, including public comments and hearing transcripts" pertaining to, or in some respect connected with, the promulgation of T.D. 7199. FOIA Request at 1. The defendant has expressly, and in considerable detail, represented by affidavit that "all documents germane to the publication of [this] regulation" are located in the T.D. 7199 legal file. Def.'s Opp. at 9; see Lambert-Dean

---

[5] The plaintiff also states that "[i]f [the] IRS simply admits that the missing document(s) do not exist, [it] will abandon its challenge." Pl.'s Reply at 4.

Decl. ¶ 13. The defendant further represents that it reviewed "the complete file for T.D. 7199" and determined that 3,656 pages of the documents contained within were responsive to the plaintiff's FOIA request. Lambert-Dean Decl. ¶¶ 13, 14. The plaintiff has not suggested any other record systems "that are likely to turn up the information requested." Campbell, 164 F.3d at 28. And while the plaintiff's supposition that documents relating to the change in the definition of 'solid waste' must exist is not "purely speculative," SafeCard Servs., 926 F.2d at 1200 (internal quotation marks and citation omitted), in light of the requirements of the FRA and the IRM guidelines, neither is it sufficiently concrete to refute the defendant's assertion that the legal file for T.D. 7199 is the only likely place for such documents to be found. Furthermore, although the IRS does not dispute that it was required by the FRA and by its own internal policies to preserve all records relating to the change in the definition of 'solid waste' between the proposed and final rule-making, it is hardly outside the realm of possibility, as the plaintiff itself recognizes, that the agency either failed to preserve such records or never created them to begin with.[6] See Pl.'s Mem. at 7 (admitting the possibility that "[the] documents do not exist").

---

[6] Furthermore, the plaintiff does not cite, and the Court cannot find, any authority to suggest that the mere fact that an agency is required by law to preserve a particular record is sufficient to render presumptively inadequate any search that does not uncover that record. See Pl.'s Reply at 4 (stating in conclusory fashion that "[t]he absence of legally required documentation addressing the change to the definition of 'solid waste' calls into substantial question the adequacy of [the] IRS's search"). The plaintiff likens the facts of this case to those in Founding Church of Scientology v. Nat'l Security Agency, 610 F.2d 824 (D.C. Cir. 1979), where the District of Columbia Circuit Court held that the defendant agency's search was inadequate because "fifteen responsive documents concededly in [its] possession were passed by." Pl.'s Reply at 3 (quoting Scientology, 610 F.2d at 835) (internal quotation marks omitted). The plaintiff therefore argues that, as in Scientology, here there is a "countervailing circumstance arguing powerfully" that a record exists despite the agency's lack of success in uncovering it. Id. at 4 (quoting Scientology, 610 F.2d at 835) (internal quotation marks omitted). Unlike the agency in Scientology, however, the IRS has not "conceded[]" that the documents sought by the plaintiff regarding the change in the definition of 'solid waste' are in its possession. Scientology, 610 F.2d at 835; see Def.'s Reply at 4 (observing that "[the] plaintiff has not suggested anywhere else that the [IRS] could possibly search to find additional responsive documents nor has it produced evidence, other than its own speculation, that any other responsive documents exist"). By searching the T.D. 7199 file, the defendant plainly conducted a reasonable search for "the documents at issue in [the] plaintiff's FOIA request," Def.'s Reply at 2, and this is all that is required by the terms of the FOIA.

Indeed, the defendant states flatly that "any document relating to the adopted definition of 'solid waste' should be kept in the file designated for T.D. 7199." Def.'s Reply at 4 (quoting Pl.'s Mem. at 7) (internal quotation marks omitted). That no such documents were found in the T.D. 7199 file may be evidence that "[the] IRS has not fulfilled its duty under the FRA," Pl.'s Mem. at 7, but it is not sufficient to rebut the "presumption of good faith" accorded to the defendant's affidavits regarding the adequacy of the search at issue here, SafeCard Servs., 926 F.2d at 1200 (internal quotation marks and citation omitted). The Court therefore concludes that the defendant's search of the T.D. 7199 legal file was "reasonably calculated to uncover all relevant documents," Steinberg, 23 F.3d at 551 (internal quotation marks and citation omitted), and, as such, was both reasonable and adequate.

*B. The Plaintiff's Unopposed Request for In Camera Review*

In a FOIA action, the defendant agency has "[the] burden of demonstrating that the withheld documents [deemed responsive to the FOIA request] are exempt from disclosure." Boyd v. Dep't of Justice, 475 F.3d 381, 385 (D.C. Cir. 2007) (citation omitted); see also 5 U.S.C. § 552(a)(4)(B) (stating that "the burden is on the agency to sustain its action"). To satisfy its burden and prove that it has fully discharged its FOIA obligations, a defendant agency typically submits a Vaughn index, which provides "a relatively detailed justification" for each withheld document, "specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of [the] withheld document to which they apply." King v. Dep't of Justice, 830 F.2d 210, 219 (D.C. Cir. 1987) (internal quotation marks and footnote omitted); see also Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973). Thus, in a lawsuit brought to compel the production of documents under the FOIA, "an agency is entitled to

summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested either has been produced . . . or is wholly[, or partially,] exempt [from disclosure]." Students Against Genocide, 257 F.3d at 833 (internal quotation marks and citation omitted). Finally, courts have "broad discretion," Boyd, 475 F.3d at 391 (citation omitted), to "examine the contents of . . . agency records in camera to determine whether such records or any part thereof" are appropriately withheld under the claimed FOIA exemptions. 5 U.S.C. § 552(a)(4)(B). Such in camera review is generally "appropriate when agency affidavits are not sufficiently detailed to permit meaningful examination of the exemption claims." PHE, Inc. v. Dep't of Justice, 983 F.2d 248, 252 (D.C. Cir. 1993) (internal quotation marks and citation omitted).

 Here, the plaintiff challenges the applicability of the deliberative process privilege of FOIA exemption 5 to seven documents withheld in full by the defendant. See Pl.'s Mem. at 9-15; Pl.'s Reply at 4-8; see also 5 U.S.C. § 552(a)(5). In response, the defendant has submitted two declarations in support of its application of the deliberative process privilege to the documents at issue. See Lambert-Dean Decl. ¶¶ 17-19; Second Lambert-Dean Decl. ¶¶ 7-9. The plaintiff, however, contends that these declarations "do[] not fully explain what these seven documents are or why the exemptions claimed by [the] IRS apply." Pl.'s Opp. at 6; see also Pl.'s Reply at 4 (stating that "[t]he main problem with the Second Declaration is that it fails to assert affirmatively the content of the withheld documents"), 8 (arguing that the defendant's "conclusory, non-specific [d]eclarations simply do not satisfy [its] burden [under the FOIA]"). Accordingly, the plaintiff asks that the Court review these seven documents in camera to determine whether they have been appropriately withheld under FOIA exemption 5. See Pl.'s

Mem. at 15-16; Pl.'s Opp. at 6-8; Pl.'s Reply at 4. Although the defendant contends that the Lambert-Dean declarations "establish genuine, material, undisputed facts under which this Court should sustain the material withheld by the [IRS] under the FOIA," Def.'s Opp. at 10, it also states that it "does not oppose an in camera inspection of the [c]ontested [d]ocuments should the Court deem it necessary to make an accurate determination," id. at 17.

After reviewing the Lambert-Dean declarations and weighing the arguments of both sides, the Court cannot say that the declarations are "sufficiently detailed to permit meaningful examination of the exemption claims." PHE, Inc., 983 F.2d at 252 (internal quotation marks and citation omitted). Accordingly, rather than attempting to determine solely on the strength of the declarations whether the defendant properly applied FOIA exemption 5 to the seven disputed documents, the Court will exercise its "broad discretion," Boyd, 475 F.3d at 391 (citation omitted), and grant the plaintiff's unopposed request that the documents themselves be examined in camera by the Court. The Court will therefore deny without prejudice both parties' motions for summary judgment as to the applicability of the deliberative process privilege to the seven documents at issue and direct the defendant to submit the documents to it by April 27, 2007, for its in camera review. If, after reviewing the documents, the Court concludes that they were properly withheld under the claimed FOIA exemption, it will issue a supplemental Memorandum Opinion and Order granting the defendant's motion for summary judgment on that ground and denying the plaintiff's cross-motion. On the other hand, if the Court concludes after its in camera review that any or all of the documents in question should be produced to the plaintiff, it will issue a supplemental Memorandum Opinion and Order to that effect.

### IV. Conclusion

For the foregoing reasons, the Court concludes that the defendant conducted a reasonable and adequate search of documents responsive to the plaintiff's FOIA request. It therefore grants the defendant's motion for summary judgment on this issue and denies the plaintiff's cross-motion for summary judgment on this point. In addition, the Court grants the plaintiff's unopposed request for <u>in camera</u> review of the seven documents that the plaintiff challenges as improperly withheld in full under FOIA Exemption 5. Accordingly, both parties' motions for summary judgment on this issue are denied without prejudice.

**SO ORDERED** this 13th day of April 2007.[7]

REGGIE B. WALTON<br>
United States District Judge

---

[7] An Order consistent with the Court's ruling was issued on March 30, 2007.