UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| GEORGIA-PACIFIC CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2431 (RBW) |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Georgia-Pacific Corporation, the plaintiff in this civil lawsuit, seeks the disclosure of certain records concerning the promulgation of a 1972 regulation by the Department of the Treasury pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (2000) (the "FOIA"). Complaint ¶ 1.  On June 16, 2006, the plaintiff moved for partial summary judgment, asserting that the defendant failed to conduct an adequate search for documents responsive to the plaintiff's FOIA request and improperly withheld in full seven responsive documents pursuant to Exemption 5 of the FOIA, codified at 5 U.S.C. § 552(b)(5).  Motion for Partial Summary Judgment and In Camera Review of Improperly Withheld Documents at 1-2.  With respect to the latter assertion, the plaintiff asked the Court to review the disputed documents in camera to determine the applicability of the claimed exemption.  Id. at 2.  In response, the defendant filed a cross-motion for summary judgment, contending that its search was adequate and that its

withholdings were justified under Exemption 5.  Defendant's Cross-Motion for Summary Judgment at 1.

On April 13, 2007, the Court issued a memorandum opinion which addressed the parties' cross-motions.  See generally Ga.-Pac. Corp. v. IRS, 517 F. Supp. 2d 65 (D.D.C. 2007).  In its memorandum opinion, the Court held that the defendant's search was adequate because the plaintiff had not presented evidence sufficient "to rebut the 'presumption of good faith' accorded to the defendant's affidavits regarding the adequacy of the search at issue," id. at 73 (quoting SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation and citation omitted)), which compelled the Court to conclude that "the defendant's search . . . was 'reasonably calculated to uncover all relevant documents,'" id. (quoting Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (internal quotation and citation omitted)).  However, the Court also held that it could not conclude from the index supplied by the defendant pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), and the declarations submitted in support of that index whether Exemption 5 applied to the seven documents withheld by the defendant, id. at 73-74, preferring instead to "exercise its 'broad discretion'" by "direct[ing] the defendants to submit the documents to it . . . for its in camera review."  Id. at 74 (quoting Boyd v. Dep't of Justice, 475 F.3d 381, 391 (D.C. Cir. 2007).  The Court therefore entered an order directing the defendant to submit the documents for the Court's in camera review by April 27, 2007.  March 30, 2007 Order at 1.

Having completed its in camera review of the documents, the Court now concludes that the documents were properly withheld by the defendant under Exemption 5.  That exemption protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not

2

be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Congress intended this exemption "to protect the deliberative process of the government[] by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision-makers without fear of publicity."  <u>Formaldehyde Inst. v. Dep't of Health and Human Servs.</u>, 889 F.2d 1118, 1122 (D.C. Cir. 1989) (internal quotation and citation omitted); <u>see also</u> <u>Judicial Watch, Inc. v. FDA</u>, 449 F.3d 141, 151 (D.C. Cir. 2006) (noting that "the privilege's purpose [is] to encourage honest and frank communication within the agency without fear of public disclosure") (internal quotation and citation omitted); <u>Nat'l Ass'n of Home Builders v. Norton</u>, 309 F.3d 26, 39 (D.C. Cir. 2002) (stating that "[t]he [deliberative process] privilege is designed to protect agency policy-oriented judgments and the processes by which policies are formulated").  Thus, because "efficient government operation requires open discussions among all government policy-makers," Congress intended that Exemption 5 encompass "any agency document that is part of the deliberative process."  <u>Formaldehyde Inst.</u>, 889 F.2d at 1122 (internal quotation and citation omitted); <u>see also</u> <u>Sussman v. United States Marshals Service</u>, 494 F.3d 1106, 1112 (D.C. Cir. 2007) (summarizing prior precedent from the District of Columbia Circuit as holding that Exemption 5 "exempt[s] from disclosure materials shielded from discovery by traditional evidentiary privileges, including the deliberative process privilege").

     A document is considered part of the deliberative process, and thus is protected from disclosure under Exemption 5, if it is "both predecisional and deliberative."  <u>Judicial Watch</u>, 449 F.3d at 151.  As defined by the District of Columbia Circuit, documents are predecisional if they are "generated before the adoption of an agency policy," and deliberative if they "reflect[] the

give-and-take of the consultative process," id. (internal quotation and citation omitted); see also Nat'l Ass'n of Home Builders, 309 F.3d at 39 (stating that "[a] document is predecisional if it was prepared in order to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made") (internal quotation and citation omitted).  In other words, government documents must "reflect[] advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated, [or] reflect the personal opinions of the writer prior to the agency's adoption of a policy" for the privilege to apply.  Tax Analysts v. IRS, 294 F.3d 71, 80 (D.C. Cir. 2002) (internal quotation and citation omitted).

      The Court has carefully inspected all seven of the documents withheld by the defendant in camera, and concludes that they are both predecisional and deliberative.  Moreover, because any portions of the documents not predecisional and deliberative in their own right are "so inextricably intertwined with the deliberative sections of documents that [their] disclosure would inevitably reveal the government's deliberations," the Court cannot segregate any portions of the withheld documents for release by the defendant.  In re Sealed Case, 121 F.3d 729, 738 (D.C. Cir. 1997); see also 5 U.S.C. § 552 (providing that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record" (emphasis added)).  Rather, the documents must be withheld from disclosure in their entirety under the deliberative process privilege set forth in Exemption 5 to the FOIA.  The Court will therefore grant the balance of the defendant's motion for summary judgment and dismiss the plaintiff's complaint in its entirety at this time.

      Accordingly, it is

**ORDERED** that the Court's prior order denying without prejudice the defendant's cross-motion for summary judgment with respect to the defendant's withholding of the seven documents described above is **VACATED**, and that the balance of the defendant's cross-motion is **GRANTED**. It is further

**ORDERED** that the Court's prior order denying without prejudice the plaintiff's motion for partial summary judgment with respect to the defendant's withholding of the seven documents described above is **VACATED**, and that the balance of the plaintiff's motion is **DENIED** with prejudice. It is further

**ORDERED** that the plaintiff's complaint is **DISMISSED** in its entirety. It is further

**ORDERED** that the status hearing in this case scheduled for April 11, 2008, at 10:00 a.m. is **CANCELED**. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 9th day of April, 2008.

>                                   REGGIE B. WALTON
>                                   United States District Judge